| 47 | 237 |
| 62 | 541 |
| 47 | 237 |
| 66 | 141 |

TOWN OF BETHLEHEM *vs.* TOWN OF WATERTOWN.

A judgment in an action by one town against another for supplies furnished to a pauper claimed to belong to the defendant town, in which it is determined that the pauper is a settled inhabitant of that town, is not a judgment *in rem,* and is binding only on the parties to the suit and their privies.

ASSUMPSIT for supplies furnished to Harson Northrop and family, claimed to be paupers of the defendant town; brought to the City Court of the city of Waterbury. The suit was brought in November, 1878.

The defendants pleaded in bar a former judgment of the City Court of the city of Waterbury rendered in June, 1877, in an action of assumpsit for supplies furnished to the same paupers, brought by the town of Waterbury against the towns of Watertown and Bethlehem, in which the suit was withdrawn before trial as to the town of Watertown and proceeded with against the town of Bethlehem, and judgment rendered therein against the latter town, such judgment involving a finding that the paupers were settled inhabitants of the town

of Bethlehem, and the question as to the status of the paupers being the same in the present suit as in the former.

The plaintiffs demurred to this plea, and the case was reserved upon the demurrer for the advice of this court.

*J. O'Neil*, in support of the demurrer.

The question raised by the demurrer is, whether the former judgment in favor of the town of Waterbury against the town of Bethlehem determined the settlement of Harson Northrop against all the world. The rule is, undoubtedly, that judgments bind only parties and privies. This rule meets with an exception in the case of judgments *in rem*, where the law acts directly on the thing and renders it that which the judgment declares it to be. *Lord* v. *Chadbourne*, 42 Maine, 429. Thus a judgment in a court of admiralty condemning a vessel as enemy's property, is final in all other courts. *Rose* v. *Himely*, 4 Cranch, 291. The same result will follow from a decree by any competent tribunal that property has been forfeited for a breach of municipal law and decreeing a sale as a means of carrying the forfeiture into effect. *Hudson* v. *Guestier*, 4 Cranch, 295. Or from a libel filed for repairs or supplies furnished to a vessel. *Imrie* v. *Castrique*, 8 Com. Bench, N. S., 1, 405. The decision of a court that a foreign vessel, stranded within its jurisdiction, shall be sold by the master on the ground of necessity, binds all the world. *Cammell* v. *Sewell*, 3 Hurl. & Nor., 617. In like manner the adjudication of a competent tribunal of the question of descent or pedigree. *Ennis* v. *Smith*, 14 How., 400. So the decision of a court of probate upon the validity of a will. *Dublin* v. *Chadbourn*, 16 Mass., 433. The settlement of the accounts of an executor or administrator. *Tebbetts* v. *Tilton*, 4 Fost., 120; *Bryant* v. *Allen*, 6 N. Hamp., 116. An order discharging the person or estate of a bankrupt from the obligation of his debts. *Livermore* v. *Swasey*, 7 Mass., 213; *Very* v. *McHenry*, 29 Maine, 206. Also the adjudication of a boundary line between towns, in a proceeding instituted for that purpose under a statute. *Pitman* v. *Albany*, 34 N. Hamp., 577. Judgments in all these cases will preclude third

persons from disputing the point thus decreed, whether they were or were not parties to the proceedings. The same rule applies to a decision or a decree with regard to the .legal standing or authority of an individual, because like the grant of a commission or title, they render the person to whom they relate what they pronounce him to be. Co. Litt., 352 *b.* Hence the grant of letters testamentary or of administration, the appointment of a guardian, or the naturalization of an alien, cannot be set aside or impeached collaterally, either by the parties or third persons, except on the ground of the want of jurisdiction or perhaps of fraud. *McCarthy* v. *Marsh,* 1 Selden, 263; *Lawrence* v. *Englesby,* 24 Verm., 42; *Farrer* v. *Olmstead,* id., 123. It is admitted that an adjudication on the settlement of a pauper under the peculiar statutes of England, Vermont, and perhaps some of the other states, would be conclusive against all the world. *Regina* v. *Hartington,* 4 El. & Black., 780, 792; *Rex* v. *Cirencester,* Burr. Settlement Cases, 18; *Rex* v. *Bentley,* id., 426; *Regina* v. *Wye,* 7 Adol. & El., 761; *Regina* v. *Clint,* 11 id., 624; *Rex* v. *St. Lawrence,* 5 Barn. & Adol., 534; *Regina* v. *Evenwood,* 3 Queen's Bench, 370; *Rupert* v. *Sandgate,* 10 Verm., 278; *Stowe* v. *Brookfield,* 26 id., 524; *Hale* v. *Turner,* 29 id., 350; *Poultney* v. *Sandgate,* 35 id., 146; *Cabot* v. *Washington,* 41 id., 168. Each one of the foregoing cases was an adjudication on an order for removal. The proceedings are substantially alike in England and Vermont. First, notice is given both to the paupers and the town or parish in which the settlement of the paupers is claimed to be; second, a hearing is had for the purpose of determining the place of the settlement; third, there is a judgment of a court determining the place of the settlement and an order of removal, and the order and judgment fixes and determines the status of the pauper; and from this order and judgment there is a right of appeal. Pauper Laws of England, 4 Fisher's Digest, 6797; Statutes of Vermont, 1870, pp. 134, 756, 836. Proceedings under these statutes are strictly *in rem,* and they are judicial proceedings. On the contrary in Connecticut an order for removal is merely ministerial. *Stratford* v. *Sanford,* 9 Conn.,

282. Proceedings in attachment, replevin and the like are not properly proceedings *in rem.* Bigelow on Estoppel, (2d ed.,) 10, 11, 148. A distinction is taken between those cases which incidentally establish a fact, and judgments strictly *in rem.* The latter bind third persons. The former may be evidence in certain cases, but they are not conclusive. *Pim v. Curell*, 6 Mees. & Wels., 234; *Carnarvon v. Villebois*, 13 id., 313; *Leggate v. Clark*, 111 Mass., 308; Bigelow on Estoppel, 148. But this precise question seems to have been determined in our Superior Court in the case of *Wilson v. Hinkley*, Kirby, 199. The court said that in an action by one town against another, to recover for supplies furnished to a pauper, the settlement of the pauper, as it may respect demands for his future support, was not determined. A condemnation of smuggled goods is conclusive against all the world, but the conviction of the smuggler has no such effect. *Hart v. McNamara*, 4 Price, 154, note. Two things then seem necessary to make an adjudication binding as an estoppel upon third persons. 1. The direct object of the action must be to determine the status of the thing. 2. The scope of the action must be sufficiently broad to embrace third persons. Bigelow on Estoppel, 148. It will not be claimed that the direct object of the former action was to determine the settlement of these paupers.

*S. W. Kellogg* and *H. B. Munson*, contra.

1. No rule is better established, or should be more inflexibly enforced in the administration of justice, than the one that all controversies once litigated, and fully and impartially determined, shall cease. As this court say in the case of *Webb v. Rocky Hill*, 21 Conn., 468, the form in which the *res adjudicata* is had is not so important as the fact. When the court can see from the record that by the trial and judgment in a former case the question in the present case was settled, the dispute is no longer open to litigation, and the court is bound to arrest the proceedings. *Aurora City v. West*, 7 Wall., 102; *Bigelow v. Winsor*, 1 Gray, 301; *Burke v. Miller*, 4 id., 115; *Embury v. Connor*, 3 Comst., 522; *Parkhurst v. Sumner*, 23 Verm., 541.

2. In questions of the settlement of paupers, a former judgment in a case between towns in this state, is conclusive not only upon the parties to the record, but also upon all the other towns. When a town is sued for the support of a pauper, it is competent for the defendant town to prove that the settlement of the pauper was in the plaintiff town, or in any other of the one hundred and sixty-seven towns of the state. It is a matter of statute regulation, the liability for the support of paupers; and if the defendant town can show the settlement of the pauper is not in that town, but is in any one of the other towns, it is a perfect defense to the case. This question of settlement is a question of *status*, in which the whole public are interested, and is similar to proceedings *in rem* in relation to the effect of a judgment. 1 Greenl. Ev., § 525; 1 Stark. Ev., 97; 2 Smith Lead. Cas. (7th Am. ed.,) 808. It is like a judgment or decree establishing the fact of marriage or the divorce of parties, which is conclusive upon all the world. 1 Greenl. Ev., § 525, note. It is a question in which the whole public are interested, and is like a judgment upon the establishing, discontinuing, or location of a highway, which is conclusive upon the whole public. 1 Greenl. Ev., § 534. So a judgment establishing the boundary lines between two adjoining towns, is conclusive upon all persons in subsequent litigation, whether parties to the former judgment or otherwise. Bigelow on Estoppel, (2d ed.,) 147; *Pitman* v. *Albany*, 34 N. Hamp., 577. It is upon this principle that the confirmation of an order for the removal of a pauper, or a judgment establishing his settlement, is conclusive upon all the world. This has been the settled law in England for a century. Bigelow on Estoppel, (2d ed.,) 146, note 2, and cases there cited; *King* v. *Kenilworth*, 2 T. R., 598; *King* v. *Inhabitants of St. Mary*, 6 id., 615. This question has been directly adjudicated in Vermont, by repeated decisions. *Stowe* v. *Brookfield*, 26 Verm., 528; *Cabot* v. *Washington*, 41 id., 168. In the latter case a previous adjudication of the settlement of the pauper was shown to have been had between another town, the town of Chelsea, and the defendant town. The court held the previous adjudication

conclusive upon the defendant town as to the settlement of the pauper, though another town had been plaintiff in the former case. It is identical in principle, and in the relation of the parties, with the present case. The same doctrine has often been recognized by this court. *Canaan* v. *Greenwoods Turnpike Co.*, 1 Conn., 7, 9; *Fowler* v. *Savage*, 3 id., 99; *Webb* v. *Rocky Hill*, 21 id., 468; *Terry* v. *Waterbury*, 35 id., 526, 534. In the latter case the petitioners were not the petitioners in the prior case of *Hoadley* v. *Town of Waterbury*, 34 Conn., 38, and yet the court held that the former judgment was conclusive, and the question in issue *res adjudicata.*

3. It is clearly shown by the record in the former case that the principal question in issue in that case was the legal settlement of Northrop and his family, for whose support as paupers the present suit is brought. That question must have been decided in that case or there could have been no recovery. The oyer of the plaintiffs filed in this case, and set out in the plea of estoppel, admits it. The record itself admits it; and the admission of the present plaintiffs in their motion for a new trial in that case is binding upon them. 1 Greenl. Ev., §§ 27, 186, 527 *a*. That judgment is conclusive upon the question of the settlement of these paupers, for the settlement was a matter that it was necessary to decide, and the jury must have found it in order to render a verdict for the plaintiffs in that case. The settlement in Bethlehem was the foundation stone, the very ground-work of the decision. The claim in suit for supplies furnished the paupers by the town of Waterbury, was nothing as against Bethlehem, until the settlement of the paupers in Bethlehem was proved and found. 2 Smith Lead. Cases, (7th Am. ed.,) 770; *Regina* v. *Hartington*, 4 El. & Bl., 788, 794.

4. The parol evidence was properly admitted for the purpose of showing that the former judgment was for the same cause of action, and involved as the chief question the settlement of the same paupers for whose support the present suit is brought. Parol evidence is always admissible for the purpose of showing that a former judgment was for the same

cause of action. 1 Greenl. Ev., § 532, notes; Bigelow on Estoppel, (2d ed.,) 524; *Perkins* v. *Walker*, 19 Verm., 149; *Dutton* v. *Woodman*, 9 Cush., 261; 2 Smith Lead. Cases, (7th Am. ed.,) 772; *Doty* v. *Brown*, 4 Comst., 75; *Sawyer* v. *Woodbury*, 7 Gray, 503; *Castle* v. *Noyes*, 4 Kern., 329; *Supples* v. *Cannon*, 44 Conn , 427, and note on p. 431.

5. The fact that the former suit, originally against the towns of Bethlehem and Watertown, was withdrawn by the plaintiffs as against Watertown only, before trial and judgment, can make no difference in this case. The town of Bethlehem was still a party; it went to trial upon the very question on which this case depends—the settlement of these paupers. It had a right to show then, and it was a proper matter of defense, that the settlement of these paupers was in Watertown. It did in fact so claim, and offer evidence for this purpose, on that trial. This question, whether the settlement of these paupers was in Bethlehem or Watertown, was then tried and determined. And even if the town of Watertown had never been a party in that suit, and the case had been from the commencement between the towns of Waterbury and Bethlehem only, it would not help the plaintiffs in this case, under the settled laws upon the effect of decisions as to the *status* of paupers. While that judgment stands the settlement of these paupers is established, unless it is shown that a new settlement has been gained; and it is conceded by the record that no such new settlement has been gained. The record shows, and the oyer filed by the plaintiffs shows, that these persons remained in the town of Waterbury as paupers, after the decision in the former case, until removed as paupers to the town of Bethlehem in August, 1878. It was not possible, under the statute, for them to acquire a new settlement during this time. Besides, if a new settlement had been acquired after the decision that the settlement was in Bethlehem, the burden of proof would be upon the plaintiffs to show that such new settlement had been acquired.

6. The claim made by the plaintiffs, that as part of the supplies were furnished to these paupers since the former judgment, that judgment cannot apply to those supplies, is

utterly groundless. The whole foundation of recovery is the settlement of these paupers, which was determined in the former case. Suppose a note of $500 is made payable by annual installments of $100 each. A suit is brought for the recovery of the first installment when due, and judgment obtained by the plaintiff. Would it be seriously claimed that the judgment was not conclusive upon the question in issue in that suit, in an action for a subsequent installment when due, in the absence of any new defense, as a release or discharge? Or suppose Bethlehem had refused, after the former judgment, to pay for subsequent supplies furnished these paupers by Waterbury. In a new suit brought by Waterbury for such later supplies, would not Bethlehem be estopped by the former judgment upon the question of settlement, in the absence of any proof that a new settlement had been gained? So in case of a subsequent trespass to the same land, the title to which had been determined for the plaintiff in a suit for a former trespass, the former judgment is conclusive, and estops the defendant, so far as relates to the title. Swift's Ev., 22; *Doty* v. *Brown*, 4 Comst., 71, 73.

GRANGER, J. In 1876 the town of Waterbury brought an action of assumpsit against the towns of Bethlehem and Watertown. The foundation of the action was the furnishing of supplies by the town of Waterbury to one Harson Northrop and his family as paupers. This action as against the town of Watertown was withdrawn before trial, and thereafter that town was no longer a party to the suit. The town of Waterbury went on with its suit against the town of Bethlehem and recovered judgment, which judgment has never been reversed or set aside. The principal question between the parties in the first suit was as to the settlement of the said Harson Northrop and his family, and the recovery in that suit was on the ground that the paupers were settled in the town of Bethlehem.

The same question is again made in the present suit, which is brought by the town of Bethlehem against the town of Watertown, for supplies furnished to the same paupers, and

which is of course based upon the claim that they were settled in the defendant town; and the question now made is whether the judgment in the first suit between the town of Waterbury and the town of Bethlehem, fixed and determined the status of the paupers as against all the world, so that the question can not be again made in the present suit, although the parties are not the same. If this question is determined in the affirmative it follows as a matter of course that the town of Bethlehem has no standing in court, and that it must bear the burden of supporting these paupers, although it may have, and may be able to present, the most decisive evidence that they really belong to the town of Watertown.

It would seem that a town ought not to be placed in such a position unless the well settled rules of law imperatively demand it. The defendants contend that the judgment in the first suit fixed unchangeably the status of the paupers, that the suit was a proceeding *in rem*, and that the judgment is binding upon all the world.

But is an action of assumpsit brought under our statute by one town to recover for incurring necessary expenses for a pauper belonging to another town, a proceeding *in rem?* The question is one of first impression in this state, and among the large number of cases, amounting to over one hundred, that have been decided by this court under the pauper laws, none of them throw any special light upon the subject. It must therefore be decided on general principles.

The first inquiry in discussing this question is, what is a proceeding *in rem?* It is a proceeding or action instituted against *the thing*, to enforce against it some demand, public or private. The judgment in such a proceeding does not change the character of the thing, but determines its character, and the rights of the parties in respect to it, or the disposition that shall be made of it with reference to those rights or to the requirements of the law. It is thus that a ship is libelled in a court of admiralty by parties making a claim upon it and those rights determined, or is condemned as a lawful prize and disposed of as such, or intoxicating liquors or gaming implements are condemned under our statutes and

as such ordered to be destroyed. This proceeding is unknown to the courts of common law, (1 Kent Com., 379,) and they acquire jurisdiction of such cases only as it is given by some express statute.

A judgment in a proceeding *in rem* is said to bind all the world, and for the reason that all the world is supposed to have notice to be present and a right to be heard in the matter. In the case before us and in all cases of actions by one town against another for support of paupers, no parties are served with process or in any manner notified except the defendant town, and no one is heard in the premises except the immediate parties to the suit. The pauper is in no sense a party to the suit, and in this respect the proceedings under the statute of Vermont are quite unlike ours in relation to the removal of a pauper, if not in the mode of redress against the town liable for his support.

But it is claimed by the defendants that if this is not strictly a proceeding *in rem*, it is of the nature of such a proceeding, and that the judgment rendered in an action for supplies ought to have the force of a judgment *in rem*, and that it ought to fix the status of the pauper, at least till he shall have acquired a new settlement. The reason given is that the question of the settlement of these paupers was directly put in issue and decided in the former suit. But admitting this to be so, does it follow that the town of Bethlehem is bound by this decision except as against the town of Waterbury? There is nothing to estop the present defendant, who was not a party to that suit, and an estoppel must be mutual, or it can not exist.

Under our pauper laws the settlement of a pauper can not be unalterably fixed. It does not follow that because a person is once a pauper he is always a pauper. He may change his condition by his own efforts, or may have a fortune left him, and if he is an inhabitant of any town of the state he may remove into any other town, and by complying with the requirements of the statute acquire a new settlement, or he may be admitted to be an inhabitant by the proper authority of the town to which he removes, so that the settlement of a

Town of Bethlehem *v.* Town of Watertown.

pauper cannot be permanently fixed by any proceeding known to our law.

The Vermont cases cited for the defence rest upon the peculiar statutes of that state, which are entirely different from ours in relation to fixing the settlement of a pauper, as we have already observed. In that state when a pauper is removed from one town to another on the ground that the town to which he is removed is his place of settlement, notice must be given to the pauper and to the town interested, and a hearing had and judgment rendered upon the direct question of the legal settlement of the pauper, and the law is well settled in Vermont, and in England, under the peculiar statutes there existing, that a judgment upon this question is a judgment *in rem*, and so binding against all the world.

But we have no such statute, and no proceeding the object of which is to determine the status of a pauper. The proceeding under our statute for the removal of paupers has nothing in it of a judicial nature, and has never been so considered. Under it the civil authority have confided to them a ministerial duty. It is an entirely *ex parte* proceeding. The party in interest, whether it be the town to which the pauper belongs, or the pauper himself, is not notified or called in, there is no hearing, and no mode provided for revising the doings of the justices who order the removal of the pauper. And the proceedings are no justification in an action brought by the town to which the paupers were removed, against the town from which they were taken. *Stratford* v. *Sanford*, 9 Conn., 275.

We do not discover any of the features of a proceeding *in rem* in an action by one town against another for the support of paupers, and are of opinion that the judgment in such a case is not a judgment *in rem*, but, like ordinary actions at law, is binding only upon the parties and their privies.

The Superior Court is advised that the plea of the defendants is insufficient.

In this opinion the other judges concurred.