EVAN BURDICK *vs.* THE CITY OF NORWICH.

In a suit against a city for damages for negligence in not providing sufficient culverts under streets that crossed a brook, which it was alleged had been taken for a sewer and into which sewers were discharged, by reason of which the water was set back and injured the property of the plaintiff, it was held that a judgment obtained by another owner on the same stream for an injury to his property about the same time and from the same cause and involving the same question as to the appropriation of the stream for a sewer and as to the duty of the city to maintain the culverts, was not admissible in evidence against the city.

TRESPASS ON THE CASE for damage to the plaintiff's property by the wrongful acts of the defendants; brought to the Superior Court and tried to the jury on the general issue before *Hitchcock, J.*

The declaration alleged that the plaintiff was the owner of a piece of land, with a dwelling house and other buildings thereon, in the city of Norwich, through which land a brook known as Franklin Street Brook ran, which brook the defendants had wrongfully appropriated as a public sewer, discharging into it a large number of smaller sewers constructed throughout the city, thereby diverting into it much surface water and sewage that would have found another outlet and greatly increasing thereby the quantity of water and sewage in the brook in times of heavy rain; and that

VOL. XLIX.—29.

two city streets crossed the brook below the premises of the plaintiff under which culverts had been constructed for the passage of the water of the brook, which it was the duty of the city to maintain in proper condition and which were wholly . insufficient for such increased flow, and that by reason thereof the water and sewage in the brook were obstructed and set back upon the premises of the plaintiff, overflowing them and running into the basement of his house, injuring his cellar wall, damaging his garden, drowning a large number of fowls, and covering his premises with filth.

Upon the trial the plaintiff offered in evidence the record of the Superior Court in the case of *Thames River Worsted Company* v. *City of Norwich*, in which judgment was rendered against the city. Regarding this record, it was admitted that the premises of the Thames River Worsted Co. and those of the plaintiff in this suit, were both on Franklin Street Brook a few rods from each other. It was also admitted that the injury complained of by that company in that record, and the injury complained of by the plaintiff in this suit, occurred at substantially the same time and from the same alleged cause, and was occasioned by the same alleged neglect of duty on the part of the city in reference to the same sewers and culverts. It was also admitted that in that case the parties were at issue as to whether the duty of maintaining and keeping in repair the sewers and culverts in question was on the city.

The defendants objected to the admission of the record offered in evidence as being immaterial and wholly inadmissible for any purpose; but the court overruled the objection and admitted it.

The jury having returned a verdict for the plaintiff the defendants moved for a new trial for error in this ruling of the court.

*J. Halsey* and *A. Tenny*, in support of the motion.

A record is not evidence against those who are neither parties nor privies to it, while an estoppel must be mutual.

1 Greenl. Ev., § 524; Starkie on Ev., 323, 331; *Winston* v. *Starke*, 12 Gratt., 317; *Town of Bethlehem* v. *Town of Watertown*, 47 Conn., 237.

*S. Lucas*, and *G. Greene, Jr.*, contra.

The defendants had once been fully heard relative to the same subject matter, and it being adjudged that the duties alleged in this case with regard to the sewer and the culverts, which were public in their nature, belonged to the defendants to perform, the record of that judgment was admissible in evidence in this suit in the court below, not only to show what the defendants' public duties were as determined by the court, but also to show that the defendants had notice in fact of the defect of the culverts. *Church* v. *Leavenworth*, 4 Day, 278; *Canaan* v. *Greenwoods Turnpike Co.*, 1 Conn., 6; *Fowler* v. *Savage*, 21 id., 468; *Terry* v. *Town of Waterbury*, 35 id., 526, 534; Swift's Ev., 19; 1 Greenl. Ev., §§ 522, 526, 534; 1 Phill. Ev., 227; *Maybee* v. *Avery*, 18 Johns., 354.

PARDEE, J. The plaintiff alleged in effect that the defendant so constructed certain sewers as to discharge into a brook a large quantity of water having naturally another outlet; that it " wrongfully, negligently, improperly and unlawfully used and appropriated" the brook as a sewer; that it "wrongfully, improperly, negligently and unlawfully maintained over and across said brook at a point in the course thereof below said premises of the plaintiff, insufficient culverts, bridges and covered drains "; and that thereby the water was "pent up and forced back upon the premises of the plaintiff," to his damage. He had a verdict, and the defendant moves for a new trial.

The Thames Worsted Company had previously recovered a judgment for damages against the defendant for injuries resulting to its property from the same cause, and substantially at the same time. That judgment was based upon a finding that the defendant had converted the stream into a sewer and had assumed and. failed to perform the

duty of providing an adequate passage for water discharged into it. Upon the trial of the case below, the court, against the objection of the defendant, received in evidence the record of that judgment.

The general rule limits the reception of the record of a judgment as evidence to cases between the parties thereto and privies; to cases between parties upon both of whom it is conclusive. If in the second suit there is a plaintiff against whom it cannot be admitted, he cannot claim it against the objection of the defendant. The finding that the defendant had assumed duties pertaining to sewers in reference to a certain stream and had neglected them, can not be made to reach beyond the case in which it was made. The present plaintiff charging the same assumption and negligence, the burden was as fully upon him to prove them as if they had never been proven; and the defendant had as full a right to deny the charge and sustain its denial by proof as if no finding had been made against it.

It is quite possible that in certain jurisdictions provision is made for the institution of special proceedings for the determination of the question as to whether a city is bound to repair a particular bridge or culvert or other structure as a duty to the public, in which the public on one side and the corporation on the other are made parties in such manner that the determination concludes all; if it is adverse to the corporation it is not to be allowed thereafter to deny it; if in its favor, it is not to be harassed by repeated suits.

But this does not affect the rule as it exists in this jurisdiction, that if an action is instituted by an individual against a municipal corporation for the recovery of damages alleged to have resulted from a defect in a way or bridge, a judgment against the defendant is neither conclusive nor persuasive evidence in behalf of another plaintiff, of any fact supporting it.

A new trial is advised.

In this opinion the other judges concurred.