## TOWN OF BETHLEHEM *vs.* TOWN OF WATERTOWN.

A notice of support furnished paupers, sent by the selectmen of the plaintiff town to the selectmen of the defendant town, stated that the wife and six children of *H. N.* (giving their names) "are in this town on expense, and are inhabitants of your town, and we must look to your town for all legal charges for their support." Held that the notice sufficiently showed that the persons named were paupers and in need of support, that they were then residing in the plaintiff town, and that the town had furnished them assistance.

It made no difference whether the paupers were residing in the plaintiff town voluntarily or involuntarily, or whether with or without the consent of the husband and father.

The family had only some household furniture and a few garden vegetables. Held that the court might properly instruct the jury that they might consider the actual condition of the family in determining whether the husband and father was able to provide for their necessities.

The selectmen of the plaintiff town had given an order on the town treasurer in payment for the supplies furnished. Held to be equivalent to payment in money.

In a suit brought by the present plaintiffs against another town, involving the settlement of the same paupers, a judgment had been rendered against the present plaintiffs. Held that the defendants in the present suit could not avail themselves of that judgment as evidence against the plaintiffs.

A judgment is conclusive or of no effect; and it is not admissible as evidence of the matters on which it is based except where conclusive.

To prove the settlement of an ancestor of the paupers in question a copy of a deed conveying certain real estate to him in 1814 was given in evidence. Held that evidence was not admissible on the other side that. he soon after mortgaged it for nearly its full value, since the statute then in force did not require that the real estate should be unincumbered.

The statute in force previous to that of 1859 required selectmen to make a certificate of the taxes abated by them, to be lodged with the town clerk, with a certificate of the tax collector that demand had been made for the taxes, and to be recorded, and provided that a copy of the same should be evidence that the taxes had not been paid. Held not to be the only admissible evidence, and that other proof of a demand by the collector was admissible.

[Argued January 15th—decided March 8th, 1884.]

ACTION to recover for supplies furnished to paupers claimed to belong to the defendant town; tried to the jury in the Superior Court before *Stoddard, J.* Verdict for the plaintiffs, and appeal by the defendants for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*H. B. Munson* and *S. W. Kellogg*, for the appellants.

*H. B. Graves* and *J. O'Neil*, for the appellees.

CARPENTER, J. This is an action to recover expenses incurred in the support of paupers. A verdict was rendered for the plaintiff; the defendant appealed.

The notice given to the defendant town was as follows: "Bethlehem, Aug. 24, 1878. Selectmen of Watertown: Sirs:—The wife of Harson Northrop, Lucinda J., age 27 years, with six children, viz., George F., age 10 years; Lula A., age 6 years; Colonel A., age 4 years; Lilly A., age 3 years; Walter W., age 2 years; and baby, six months; are in this town on expense, and are inhabitants of your town, and we must look to your town for all legal charges for their support. Theodore Bird, Selectman."

The plaintiff offered evidence to prove this notice. The defendant objected to its admission on the ground that it does not specify—"1st, that any of the persons named in the notice are paupers, or poor inhabitants, or that they are destitute or in need of support; 2d, that the notice does not specify that any of said persons are chargeable to the town of Bethlehem, or that they were then residing in the town of Bethlehem; 3d, that the notice does not describe the condition of the persons therein named, in sufficient terms to comply with the statute; or that the town of Bethlehem had ever furnished any of them any assistance at the time of giving the notice."

The court admitted the evidence. In that there was no error. Nothing technical is required in notices of this kind. They should be interpreted as plain practical men understand them. The words "on expense in this town," taken in their connection, having regard to the subject matter and the official position of the parties sending and receiving them, fairly import that the persons named were paupers, that they were then residing in the town of Bethlehem, that they were chargeable to the town, and that the town was incurring expense in their support; and that is all that the statute requires. *Hamden* v. *Bethany*, 43 Conn., 212; *Beacon Falls* v. *Seymour*, 44 id., 210.

2. It appears that the paupers were removed from Waterbury to Bethlehem against their will and without the knowledge or consent of the husband and father, and that the selectmen of the latter town without any application from the paupers themselves immediately took charge of them

and delivered them to the keeper of the town poor and then notified Watertown. The defendant asked the court to charge the jury that unless the paupers were residing in Bethlehem of their own accord, and with the consent of the husband and father, the plaintiff could not recover. The court did not so charge. That request was rightly refused. Being in the town, whether voluntarily or involuntarily, and needing immediate relief, they were residing in the town within the meaning of the statute. *New Milford* v. *Sherman*, 21 Conn., 116; *Trumbull* v. *Moss*, 28 id., 253.

3. The defendant asked the court to charge that the plaintiff could not recover unless the husband and father was destitute of property; that if he had property sufficient to relieve their present necessities they could not recover. The court so charged, and added,—" But you will look at the actual condition of this family as proved to you in order to determine the ability of the husband to provide for the necessities of his family."

It seems to us that that was reasonable and that the matter was fairly submitted to the jury. The condition of the family must have been understood as having regard to the little pittance of property possessed by them, consisting of some household furniture and a few garden vegetables.. We do not think that the jury were misled by the charge.

4. It is claimed that when this suit was brought, November 19th, 1878, the plaintiff had not paid for the supplies furnished the paupers and that there can be no recovery for that reason. The facts are not expressly stated, but we may infer that the selectmen gave what is known as a town order on the 16th of November, and that the order was paid by the treasurer on the 20th.

This objection is exceedingly technical. We are unwilling to reverse the judgment on that ground unless the law imperatively requires it, and we think it does not. An order signed by the selectmen directing the town treasurer to pay a sum of money on presentation closely resembles a bank check. Nothing remains but to present it and receive the money. In ordinary transactions such an order is

deemed equivalent to payment. We think it may properly be so regarded here. *Wilton* v. *Weston*, 48 Conn., 325.

5. The case shows that in a suit between the town of Waterbury and the plaintiff, involving the settlement of these same paupers, judgment was rendered against the present plaintiff. The defendant offered in evidence the record and judgment in that case, and the court upon the plaintiff's objection rejected it.

In *Bethlehem* v. *Watertown*, 47 Conn., 237, this court decided that that judgment was not conclusive between these parties. In that case the judgment was pleaded in bar. It is now contended that, although not conclusive, yet it is admissible as tending to prove that the paupers were settled in Bethlehem. As the town of Watertown was neither party nor privy to that suit, did not appear, and had no opportunity to appear and examine or cross-examine witnesses, and as the judgment was not offered by way of inducement, or to establish a collateral fact, or for the purpose of proving the existence of the judgment merely, but was offered for the purpose of proving the fact upon which the judgment rested, it is difficult to see how that town could be legally affected by it, favorably or unfavorably. The town of Bethlehem under no circumstances could have offered a judgment to which the town of Watertown was not a party for the purpose of proving the facts in issue. That being so, the principle that a judgment in order to be admissible must be mutual in its operation forbids its admission in favor of Watertown against Bethlehem. That principle ought to apply, and we think does apply, in all cases where a judgment is offered as evidence to prove any fact established by the judgment. In such cases a judgment is conclusive or it is nothing. If not conclusive, there is no rule by which courts can measure and determine its effect.

6. In proving that Harson Northrop, the husband and father of the paupers in question, had a derivative settlement in Watertown, it became material to ascertain the settlement of his father, John K. Northrop, and his grand-

father, John Northrop. To that end the plaintiff gave in evidence a copy of a deed conveying to John Northrop certain real estate in 1814. The defendant contends that, in determining the value of the land so conveyed, the jury were erroneously permitted to refer to that deed. But as that is not assigned for error we pass by it.

The defendant offered to prove that John Northrop, soon after receiving the deed, mortgaged the premises for nearly or quite their full value. This evidence was objected to and the court excluded it. This is assigned as error. We think this evidence was properly excluded. The statute then in force did not require that the real estate should be unincumbered. The evidence was therefore irrelevant.

7. The plaintiff, for the purpose of proving that John K. Northrop did not gain a settlement in Bethlehem by a residence therein from 1840 to 1847, offered evidence to prove that in the years 1843, 1844 and 1845, he neglected to pay taxes lawfully imposed and demanded. The tax lists and rate bills for those years, and the certificates of the selectmen showing that Northrop's taxes were abated, were offered. There was no certificate of the collector showing that a demand was made. To supply this omission the plaintiff offered the deposition of Philo Skidmore, who was the collector for those years. This evidence was objected to, but the court admitted it.

In 1859 a statute was passed requiring the collector to make a certificate under oath that he made demand of the persons named, specifying the time, that payment was refused, and that the taxes remain unpaid, &c. It also required the selectmen to lodge with the town clerk the certificate of the collector, with a list of the names of the persons whose taxes were by them abated, to be recorded by the town clerk, a copy of which was made evidence in any court to prove that the taxes were demanded and unpaid. Another section provided that a neglect by the collector and selectmen to comply with these requirements should preclude the town from claiming that the taxes were not paid,

Town of Bethlehem *v.* Town of Watertown.

and enacted that it should "be taken as conclusively proved that said taxes had been paid."

The law in force in 1843–5 was as follows:—" The selectmen of the several towns, within ten days after the abatement by them of the state or town tax of any persons, shall lodge a list of the names of the persons whose taxes have been so abated with the town clerk, together with a certificate of the collector or collectors of said taxes that demand of payment according to law has been made by said collector or collectors, of the persons whose taxes have been abated as aforesaid, which certificate shall be recorded by said town clerk ; and a copy of said certificate, attested by him, shall be admitted in any court, as evidence that said taxes have not been paid."

The difference between these two acts is marked. The act of 1859 requires the certificate of the collector and the list of the names of the persons whose taxes are abated to be recorded, and a copy of such certificate and list is made the *only evidence* that the taxes were demanded and not paid. The act previously in force required the certificate of the selectmen containing the names of the persons whose taxes were abated to be recorded, and that certificate was made evidence that the taxes were not paid, but it is not made the only evidence. That law made no express provision for proof that the taxes were demanded, and the certificate of the collector to that effect was not in terms made evidence at all for any purpose. Perhaps the legislature intended that it, in connection with the certificate of the selectmen, should be regarded as evidence of a demand, but the parties certainly are not confined to that evidence. The defendant now contends that we should hold that such a certificate is the only proper evidence to prove a demand. That evidently was not the intention of the legislature, and we ought not so to hold.

There is no error in the judgment.

In this opinion the other judges concurred.