WALTER W. WHIPPLE *vs.* JOHN FARDIG ET AL.

First Judicial District, Hartford, May Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued May 16th—decided July 10th, 1929.

*Edward H. Kelly,* for the appellant (plaintiff).

*Frederic J. Corbett,* for the appellees (defendants).

HAINES, J. The automobile truck of the plaintiff was damaged December 16th, 1926, at Unionville by reason of a collision with an automobile driven by John Fardig and owned by Agnes Fardig his wife. This was a family car and was being driven by the husband with the consent of the wife, from his home in Hartford to Torrington, at which latter place he was under employ by The Lotz Asbestos Company.

On January 17th, 1927, the plaintiff brought an action against The Lotz Asbestos Company for damage to his truck caused by the collision, in the belief that at the time of the collision John Fardig was engaged upon business for that company as its agent and servant. Agency and negligence were the two issues upon which that case rested. On March 30th, 1927, a jury rendered a general verdict in favor of the defendant. The following day, March 31st, 1927, a writ and complaint against the present defendants was delivered to the sheriff for service, but it was not until December 28th, 1927, that the officer was able to make service of attachment or garnishment. On the latter date a new writ was substituted naming the Mutual Bank and Trust Company and the Western Union Telegraph Company as garnishees, and on that day this writ and complaint was served.

The first defense was that this action was not brought within one year from the date of its accrual, and to this

the plaintiff replied that it was brought within one year from the decision of the former action and was authorized by the provisions of General Statutes, §§ 6171 and 6172. The finding shows that there was no evidence in the record in the former case, as to the ownership of the automobile, until John Fardig testified at the trial that it belonged to his wife Agnes Fardig. It also shows that there was no competent evidence as to whether the jury rendered the verdict in the former case upon the issue of agency or that of negligence, or both. It also appears that the court in the present action afforded the plaintiff an opportunity to prove that the verdict was based only upon the belief of the jury that the plaintiff had failed to name the right defendant. The court ruled that the plaintiff could not offer evidence in support of the issue of negligence in the present action until he had "succeeded in rebutting . . . the statute of limitations" and that the doctrine of *res judicata* applied to the issue of negligence; whereupon, upon motion of the defendants, the court dismissed the action.

The pleadings raised but two issues: (a) was the action authorized by General Statutes, § 6172, notwithstanding the fact that it was brought more than one year after the negligent acts complained of, and (b) was the plaintiff's damage caused by the negligence of these defendants without contributory negligence on the part of the plaintiff.

It appears that the first action was fully heard by the court and jury upon the question whether the driver of the car was the agent of the Asbestos Company, and whether there was negligence chargeable to the latter. No interrogatories were submitted to the jury and their general verdict imports that both issues were found in favor of the defendant company. *Aaronson* v. *New Haven*, 94 Conn. 690, 110 Atl. 872;

*Callahan* v. *Jursek,* 100 Conn. 490, 493, 124 Atl. 31; *Brown* v. *Wright,* 100 Conn. 193, 199, 123 Atl. 7; *Spring* v. *Nagle,* 104 Conn. 23, 28, 131 Atl. 744; *Ford* v. *Dubiskie & Co., Inc.,* 105 Conn. 572, 582, 136 Atl. 560; *O'Neil* v. *Larkin-Carey Co.,* 106 Conn. 153, 155, 137 Atl. 731; *Pentino* v. *Gallo,* 107 Conn. 242, 244, 140 Atl. 105.

The trial court properly struck out the testimony of jurymen previously admitted as to the basis of their judgment. It is contrary to our long-established practice and policy to receive such testimony from members of the jury which considered the case. From earliest times in this State such disclosures of the deliberations of a jury in making up their verdict, have not been permitted and "we have never seen reason to doubt the soundness of the reasons which underlie this rule of practice." *Valentine* v. *Pollak,* 95 Conn. 556, 559, 11 Atl. 869.

We must therefore rest upon the legal conclusion that The Lotz Asbestos Company was, after that verdict, free from the charge that it was the principal or master of the driver of the car, and the further charge that its negligence was the proximate cause of the damage, and that the contributory negligence of the plaintiff did not materially contribute thereto. The present defendants, who were strangers to the former action, now seek, indirectly, to obtain the benefit of the finding last referred to, and the trial court adopted the view that the issue of negligence was now *res judicata.* This conclusion is erroneous. If the judgment had been for the plaintiff in that action it could hardly be said it would be conclusive upon these defendants as establishing the plaintiff's freedom from contributory negligence. Conversely, if the judgment showed the plaintiff guilty of contributory negligence, it is not available to the present defendants who were strangers to that

action. A former judgment can only be admitted in a later suit between the same parties or their privies. Nor can that judgment be considered as one in the nature of a judgment *in rem* binding upon everyone.

In *Burdick v. Norwich,* 49 Conn. 225, it appeared that the Thames Worsted Company had previously recovered a judgment against the city of Norwich for damages resulting to its property by reason of a defective sewer. In the subsequent case, the plaintiff Burdick claimed damages resulting to his property from the same cause and at the same time. The court, over the defendant's objection, received in evidence the record of the former judgment as evidence of the defendant's delict. In holding that to be error, we said: "The general rule limits the reception of the record of a judgment as evidence to cases between parties thereto and privies; to cases between parties upon both of whom it is conclusive. If in the second suit there is a plaintiff against whom it cannot be admitted, he cannot claim it against the objection of the defendant. The finding that the defendant had assumed duties pertaining to sewers in reference to a certain stream and had neglected them, cannot be made to reach beyond the case in which it was made. The present plaintiff charging the same assumption and negligence, the burden was as fully upon him to prove them as if they had never been proven; and the defendant had as full a right to deny the charge and sustain its denial by proof as if no finding had been made against it." See also *Bethlehem v. Watertown,* 47 Conn. 237, 246; *Cook v. Morris,* 66 Conn. 137, 141, 33 Atl. 594.

The finding presents the situation fairly for the plaintiff in the present case. It shows that he brought the first action in the belief that the Asbestos Company

was liable as the principal or master of the driver of the automobile. It was established by records and the testimony of officers of the company that this was not the fact. At that trial it developed for the first time who was the real owner of the car. The following day a suit was begun against that owner and her agent, the driver of the automobile. As the officer was unable to find property of the defendants upon which to make an attachment until December 28th, 1927, the present action was brought that day. The plaintiff has not been guilty of laches in pressing his claim. It is quite apparent that in the first action, the plaintiff by mistake named the wrong defendant. Under General Statutes, § 6172, he was entitled within one year from the conclusion of the first action, to bring another against these defendants, without running counter to the statute of limitations.

It is also clear that not being the right defendant, a judgment could not have been rendered against The Lotz Asbestos Company in any event. The jury should have been instructed that the relation of principal and agent was necessarily a preliminary question to be decided before that of the negligence of the parties. If they found the company was the principal and the driver of the automobile was its agent, then the question of negligence became important, and should be decided, otherwise it was of no importance. This general verdict imports that the jury found the Asbestos Company was not the principal, and that must be held to be the cause of the plaintiff's failure to recover judgment in the former case.

The situation presented is one within the provisions of General Statutes, § 6172, and the action having been brought within one year from the conclusion of the former case, it was properly before the

court, and the plaintiff was entitled to have it heard and determined upon its merits.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except MALTBIE, J., who dissented.