[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
During the trial, the court denied the defendants' motion for directed verdict which claimed that the plaintiffs had not proven that the commencement of the action beyond the two year statute of limitations in section 52-584 was allowed under section 52-593 of the General Statutes. The court denied the motion for directed verdict and declined to submit the statute of limitations defense to the jury because this action was timely under section 52-593. The factual basis for this ruling is in the attached transcript.
The statute applies only where the plaintiff failed to obtain judgment in the original action because of failure to name the right person as the defendant. Perzanowski v. New Britain, 183 Conn. 504, 507; Vessichio v. Hollenbeck, 18 Conn. App. 515,520. Where the evidence shows that the plaintiff by mistake named the wrong defendant in the initial action and commenced the second action within one year of the conclusion of the first one, section 52-593 provides that the statute of limitations is not a defense to the second action. Whipple v. Fardig, 109 Conn. 460, 465. CT Page 5392
The defendants contend that the plaintiff was required to prove that he did not know the identity of the defendants in this action before the expiration of the two year statute of limitations in section 52-584. While it is questionable whether section 52-593 goes that far, the evidence presented at the trial clearly supports that conclusion, and there was no countervailing evidence which suggested that the plaintiff or his attorney knew that the car which struck the plaintiff was owned by one of the defendants and driven by the other defendant. The records of the Department of Motor Vehicles indicated that James Huguet owned the car when the plaintiffs' attorney, relying on the license plate of the car, checked the records. This error was caused by the defendants who did not file for a new registration and turn in the license plates when they purchased the car from Huguet.
The statute does not require persistent attempts to discover the responsible defendant when reasonable diligence initially discloses the apparent wrongdoer, even where there is some suspicion that another person may be responsible for the injury. A bona fide mistake in finding the right defendant is sufficient to invoke the statute. Perfection and total diligence is not required, or the purpose of the statute would be seriously undermined.
The motion to set aside the verdict is denied.
FULLER, J.