[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (#110)
Presently before the court is defendant's Motion for Summary Judgment; said motion should be denied.
On January 5, 1993, the plaintiff, Frances Gaddy, filed a one-count complaint against the defendants, Long Wharf Development Associates (Long Wharf), Edmund Fusco, Sonecor Real Estate Corporation (Sonecor), and Fusco-Long Wharf Associates (Fusco-Long Wharf). The plaintiff alleges that on or about January 24, 1987, she was injured while being removed from a malfunctioning elevator in the defendants' building. The plaintiff alleges that her injuries resulted from the defendants' negligence in removing her from the elevator and in maintaining the elevator. The plaintiff alleges that this action is brought pursuant to General Statutes52-592 and 52-593 and, therefore, is not barred by the statute of limitations.
The plaintiff filed an earlier action on January 11, 1989 CT Page 3104 against Fusco Corporation (Fusco), which is not a party to the present action. Fusco moved for summary judgment on the ground that it was not the owner of the property where the injury occurred. Notice of the court's (Gray, J.) granting of Fusco's motion was mailed to the parties on January 8, 1992.
On March 24, 1993, the defendants in the present action filed their answer and special defenses. The defendants' first special defense is based on immunity under General Statutes 31-284 and their second defense is based on the statute of limitations.
The defendants moved for summary judgment on the basis of their statute of limitations defense. Pursuant to Practice Book 380, the defendants filed a memorandum in support of their motion with an attached copy of the January, 1989 complaint, and affidavits of the president of Sonecor, the general manager of Long Wharf, the vice president of Fusco, and the general partner of Fusco-Long Wharf. The plaintiff has timely filed a memorandum in opposition to the motion. The plaintiff attached her affidavit, the affidavit of her attorney, and other supporting documents to her memorandum.
Summary judgment is a "method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17. The moving party bears the burden of showing the non-existence of genuine issues of material fact. Daily v. New Britain Machine Co.,200 Conn. 562, 568. "In deciding a motion for summary judgment, the trial court must view, the evidence in the light most favorable to the nonmoving party." Strada v. Connecticut Newspapers, Inc., supra, 317.
The defendants move for summary judgment on the ground that the plaintiff's action is barred by the statute of limitations. The defendants argue that General Statutes 52-592 and 52-593 do not save the plaintiff's present action. The plaintiff argues that since the original action against Fusco was filed within the two-year limitation, the present action is not barred by the statute of limitations. The plaintiff argues that General Statutes 52-593
saves her action from the statute of limitations bar since the original action failed because she named the wrong defendant.
Negligence actions must be brought within two years "from the CT Page 3105 date when the injury is first sustained or discovered. . . ." General Statutes 52-584. Nevertheless, "[w]hen a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein, the plaintiff may bring a new action and the statute of limitations may not be a bar thereto if service of process in the new action is made within one year after the termination of the original action." General Statutes52-593. In order to come within the scope of said statute, the plaintiff must demonstrate that he "failed to obtain judgment by reason of [her] failure to name the right person as defendant." Perzanowski v. New Britain, 183 Conn. 504, 507.
In the event the plaintiff identifies the wrong party as the tortfeasor in the original action, he is not barred from bringing a new action against the proper tortfeasor, or he does so within a year of the termination of the original action. Whipple v. Fardig,109 Conn. 460, 464-66; see Kliger v. Heyman, 4 CLR 204.
In the present case, the plaintiff commenced the present action more than two years from the time she was injured on January 24, 1987. The original action, however, was filed on January 11, 1989, within the two-year limit. The original action was terminated on January 8, 1992, when notice of the court's decision on Fusco's motion for summary judgment was mailed to the parties. The court granted the motion on the ground that Fusco did not own or control the building in which the plaintiff was injured and, therefore, was not liable for her injuries. The plaintiff commenced the present action on January 5, 1993, within a year of the termination of the original action, as required by General Statutes 52-593.
The plaintiff stated in her affidavit that she believed than Fusco was the employer of the workers who removed her from their elevator. Also, the plaintiff's attorney stated in his affidavit that the plaintiff had informed him that Fusco operated and controlled the building. The plaintiff brought the first action against the wrong tortfeasor under the mistaken belief that owned the property where she was injured; the original action was terminated because of the plaintiff's failure to name the right party; the present action was commenced within a year of the end of the original action. General Statutes 52-593 is applicable to the present action; the statute of limitations does not bar the plaintiff's claims.
Accordingly, the defendants' motion for summary judgment is CT Page 3106 denied.
Ronald J. Fracasse, Judge