[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff alleged that she was injured at a party held at American Legion Post, Post 45, in Meriden; she claims a loudspeaker fell and struck her. The incident occurred on December 23, 1990 and the plaintiff commenced an action against The American Legion Department of Connecticut Inc. (State Legion) on December 23, 1992. On May 13, 1993 the plaintiff filed a motion to cite in American Legion Meriden Post 45 (Post 45). On June 21, 1993 the motion was granted along with permission to amend the complaint in this action. On July 7, 1993 Post 45 was served with the amended complaint. The State Legion and Post 45 will be regarded as different entities for the purposes of this discussion.
In any event on November 30, 1993 a judge granted a summary judgment motion in behalf of Past [Post] 45 based on the grounds that the action was not commented within two years as required by § 52-584 of the General Statutes. On May 22, 1995 another judge granted the State Legion's motion for summary judgment based on the grounds that the State Legion did not own or control the premises in which the plaintiff alleged to have sustained her injuries.
The plaintiff has now commenced this second action based on § 52-593 of the General Statutes. That statute reads in relevant part as follows: CT Page 2628
 "When a plaintiff in any civil action has failed to obtain judgment by reason of failure to name the right person as defendant therein the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after termination of the original action."
The plaintiff has referenced this statute in paragraph 12 of her present complaint since on the face of the complaint the action would be barred by the statute of limitations.
The defendant Post 45 attempts to treat this matter as one of res judicata or collateral estoppel. It argues that a motion for summary judgment was granted in its favor in the prior action on the grounds of the statute of limitations: "The plaintiff alleges the same incident as the basis of the current action . . . accordingly it is barred by the doctrine of res judicata," (p. 9 of defendant's brief). The doctrines of res judicata and collateral estoppel "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest," State v. Ellis, 197 Conn. 436, 465 (1985),Jackson v. R.G. Whipple, Inc. 225 Conn. 705, 712 (1993).
I don't believe res judicata and collateral estoppel have anything to do with the issue before the court on this motion. Although the same incident is being sued on in both actions, the precise legal issue raised by the bringing of the second action was not passed on in the prior action. In other words it is clear that the statute of limitations would bar this action but for the existence of § 52-593 which the plaintiff claims has an ameliorative effect on the strict operation of the statute of limitations. In fact the statute was, like § 52-595, passed "to avoid the hardships arising from an unbending enforcement of limitations statutes," cfGallo v. G. Fox Co., 148 Conn. 327, 329 (1961). It is after all a remedial statute and should be liberally interpreted, Morrisseyv. Board of Education, 40 Conn. Sup. 266, 268 (1985).
The issue raised by this action and whether § 52-593 saves it is a question of law that is different from the issue of law decided in Post 45's favor in the summary judgment action in the prior action — the issue of law decided there was whether the applicable statute of limitation barred the action. The court held CT Page 2629 that it did but it explicitly did not rule on the possible effect of § 52-593, cf Restatement (second) Judgments § 281(1) and (2) at page 273. As the judge noted in his decision § 52-593 applies only when the prior action has been terminated, it had not been when he ruled on the motion for summary judgment. In fact that prior action had not terminated until a second judge granted the second motion for summary judgment in that action releasing the State Legion and thereby conclusively concluding that the plaintiff had sued the wrong party.
To say that without more res judicata or collateral estoppel bars this action because a motion for summary judgment was granted on limitations grounds in effect would be saying the plaintiff couldn't make the argument that the ameliorative purposes of § 52-593 saves her right to bring an action. Nothing in these doctrines requires such a result. Or perhaps to put it another way, apart from the merits of the question as to whether the plaintiff should be able to rely on § 52-593 why should she not be able to even raise her claim under the statute merely because she moved to cite in Post 45 in the first action. In other words simply as a matter of pure procedure why should the plaintiff here be in a worse position because she tried to cite in Post 45 in the first action as opposed to not doing that but bringing a second action after the first action against the State Legion failed. This is especially so since she couldn't take advantage of § 52-593 when she merely cited in Post 45 in a pending action. How is it fair now to say you can't bring this second action based on a res judicata or collateral estoppel argument? Aren't those doctrines rooted in notions of fairness?
In any event the true question before the court is what § 52-593 really means and how should it apply to the facts of this case. There are only four cases that really discuss the meaning and purpose of the statute, Whipple v. Fardig, et al., 109 Conn. 460
(1929), Morrissey v. Board of Education, 40 Conn. Sup., supra,Pirrone v. New England Railroad Construction Co., 1993 CT Case Base 2442 (3/10/93), Kliger v. Heyman, 4 Conn. L. Rptr. 204 (1991). Frankly the positions on either side in this case if accepted would lead to extreme and perhaps unacceptable results. The defendant first argues the plaintiff should not prevail here because § 52-593
does not apply where the original action failed not because the wrong entity was named as the defendant but because it wasn't brought within the statute of limitations. But the statute was passed for the very purpose of relieving from the rigors of limitations statute and in a broader sense the plaintiff's "action" CT Page 2630 to recover for her injuries really didn't completely fail until the second judge held the State Legion's motion for summary judgment should be granted because it wasn't in possession or control of the hall where the injury occurred and thus not responsible for this' lady's injuries.
The defendant then argues that § 52-593 doesn't apply because the plaintiff did not err in naming the wrong defendant but failed because she sued the wrong entity. This reading would emasculate the statute; as pointed out in Kliger v. Heyman supra at p. 206 the statute clearly covers a misdescription type of defect but it goes beyond that type of defect and how far it goes is unclear. InWhipple v. Fardig, supra at 109 Conn. p. 461 the plaintiff also brought suit against the wrong entity but that did not prevent the operation of the statute.
Insofar as one were to give a purely literal and expansive reading to the statute in favor of plaintiffs, this could also lead to unfair results. Let's assume a plaintiff is injured in a motor vehicle accident. The plaintiff waits until a few days before the limitations period to see a lawyer. The lawyer acting in haste and without investigation sues the wrong defendant with same name, located at a different town or street. No action is taken in the case for a period of time, no appearance is entered for the defendant, default is finally entered and at the hearing in damages a year or more later the misidentification is discovered. The action is dismissed by the court but the lawyer waits almost, another full year before bringing an action under the mantle of § 52-593 against the "right" defendant. But almost four years has passed and the question might well be asked what has happened to the protections sought to be achieved for prospective defendants by means of statutes of limitation? Besides a party would be aided by such a literal reading of the statute whose own lack of foresight, proper preparation of his or her case and delay in prosecuting the case causes a defendant to be exposed to suit long after the running of the limitations period?
Although not explicitly saying so I believe the courts have put certain practical limitations on what otherwise might be required by a literal reading of § 52-593. There seems to be a concern with whether the mistake or error which led to the suing of the wrong party was a bona fide or understandable error rather than one based on simple carelessness. There is also some concern as to the amount of prejudice if any that would be visited on the defendant in the second action if such a suit were to be allowed CT Page 2631 under § 52-593.
In Whipple v. Fardig at 109 Conn. page 465 the court noted that the prior action was brought against the company the defendant worked for in the mistaken belief that at the time of the collision he was engaged in company business. The court noted: "At trial its developed for the first time who was the real owner of the car", at trial company records and testimony of its officers showed the defendant was not acting as their agent. The court said the plaintiff was not "guilty of laches" in pressing his claim but brought the second action soon after learning of his error.
In Morrissey v. Board of Education, supra the court noted the first action was brought improperly against the borough of Naugatuck instead of the teacher who had charge of the class where the plaintiff student was injured. In the new suit the board of education and the teacher were sued and the teacher filed a motion for summary judgment based on the statute of limitations. The plaintiff relied on § 52-593 to preserve his second action and the court denied the motion noting the teacher never claimed" he was uninformed of the original action or in any respect kept in the dark by suit having been instituted against an improper party . . . (the teacher's actions) were the principal and underlying basis of the plaintiff's claim for relief. It does not appear that (the defendant teacher) suffered any cognizable prejudice by the passage of time." In Kliger v. Heyman supra a plaintiff fell in a parking lot. She initially sued the owner of the property but that action failed because the owner was not in possession and control of the property. The owner had leased it to the defendant in the case before the court who filed a motion to dismiss based on the statute of limitations. The plaintiff relied on § 52-593 in opposing the suit. The court noted that there was a "mistake of fact" by the plaintiff as to who owned the property or who possessed or controlled it. The court noted that "the defendant's point is persuasive that the statute § 52-593 should not be read to allow a plaintiff who is careless in initially selecting the defendants to bring a succession of actions merely because the first or subsequent ones do not nail the right defendant" 4 Conn. L. Rptr. at page 206. Interestingly the court denied the motion for summary judgment because the factual issues weren't sufficiently developed to determine the appropriate application of the statute given the various ways it could be interpreted. But the same judge inPirrone v. New England Rr Construction Co., supra granted the motion for summary judgment by the defendant in the second action on limitations grounds and refused to allow the plaintiff to rely CT Page 2632 on § 52-593 where the plaintiff carelessly mistook the party to be sued in the first action and sued an entirely separate entity with a different name.
In this case at this stage of the proceedings the defendant is not entitled to prevail on a motion for summary judgment. The attorney for the plaintiff has submitted an affidavit explaining the circumstances under which he brought suit against the wrong entity. There appears to have been a good faith mistake caused in part by the wording used in the land records. This is not a case where the wrong party was sued by sheer carelessness. The plaintiff apparently had a good faith belief in the correctness of her initial action against the State Legion since she pursued that suit against that entity until it was dismissed less than a year ago and a year and a half after the granting of the Post 45 motion for summary judgment in the first action. There was no inordinant delay in bringing this second action; it was filed two and one-half months after the first action was terminated by the granting of the motion for summary judgment in favor of the State Legion.
Neither has Post 45 pointed to any prejudice that would be caused to it in terms of trial preparation, location of witnesses, etc. which would warrant the court to consider whether § 52-593
should not be applied in the plaintiff's behalf on this basis.
Under the circumstances presented to me I will not grant Post 45's motion for summary judgment. The motion is denied.
Thomas Corradino, Judge