### EZRA S. FARNSWORTH *vs.* LORENZO HEMMER.

A broker who has acted for both parties in negotiating an exchange of real estate between them, without informing either that he was employed by the other, is not legally entitled to commissions for his services; and evidence in his behalf to show a custom among brokers to charge a commission to both parties in such cases is inadmissible.

CONTRACT brought by a real estate broker to recover a commission for his services in negotiating an exchange of land between the defendant and Fanny W. Cooper.

At the trial in the superior court, it appeared that the plaintiff was a real estate broker, and was employed by the defendant to negotiate the sale or exchange of certain real estate in Boston, and that through his aid an exchange thereof was effected with Mrs. Cooper for real estate owned by her, which she in like manner had employed the plaintiff to aid her in selling or exchanging, before his employment by the defendant; and that he accordingly acted for both parties, and charged a commission to both, and that he had commenced an action which was still pending against Mrs. Cooper, to recover the commission charged to her. The plaintiff never informed the defendant that he was acting for Mrs. Cooper, and there was no evidence that the defendant knew the fact. The plaintiff offered evidence of a custom among the brokers of Boston to charge a commission to both parties in cases like the present, and the defendant, for the purpose of testing the validity of such custom, admitted that it could be proved to exist; but claimed that, if proved, it was a bad custom, and invalid in law; and *Lord, J.,* so ruled. A verdict was accordingly returned for the defendant, and the plaintiff alleged exceptions.

*G. D. Noyes,* for the plaintiff.

*E. M. Bigelow,* for the defendant.

BIGELOW, C. J. The principle on which rests the well settled doctrine, that a man cannot become the purchaser of property for his own use and benefit which is intrusted to him to sell, is equally applicable when the same person, without the authority or consent of the parties interested, undertakes to act as the agent of both vendor and purchaser. The law does not allow a man to assume relations so essentially inconsistent and repugnant to each other. The duty of an agent for a vendor is to sell the property at the highest price; of the agent of the purchaser to buy it for the lowest. These duties are so utterly irreconcilable and conflicting that they cannot be performed by the same person without great danger that the rights of one principal will be sacrificed to promote the interests of the other, or that neither of them will enjoy the benefit of a discreet and faithful exercise of the trust reposed in the agent. As it can

not be supposed that a vendor and purchaser would employ the same person to act as their agent to buy and sell the same property, it is clear that it operates as a surprise on both parties, and is a breach of the trust and confidence intended to be reposed in the agent by them respectively, if his intent to act as agent of both in the same transaction is concealed from them. It is of the essence of his contract that he will use his best skill and judgment to promote the interest of his employer. This he cannot do, where he acts for two persons whose interests are essentially adverse. He is therefore guilty of a breach of his contract. Nor is this all. He commits a fraud on his principals in undertaking, without their assent or knowledge, to act as their mutual agent, because he conceals from them an essential fact, entirely within his own knowledge, which he was bound in the exercise of good faith to disclose to them. Story on Agency, § 31. *Copeland* v. *Mercantile Ins. Co.* 6 Pick. 198, 204. *Pugsley* v. *Murray*, 4 E. D. Smith, 245. *Rupp* v. *Sampson*, 16 Gray.

Such being the well settled rule of law, it follows that the evidence offered by the plaintiff was inadmissible. A custom or usage to be legal and valid must be reasonable and consistent with good morals and sound policy, so that parties may be supposed to have made their contracts with reference to it. If such a usage is shown to exist, then it becomes the law by which the rights of the parties are to be regulated and governed. But the usage on which the plaintiff relied was wanting in these essential elements. It would be unreasonable, because, if established, it would operate to prevent the faithful fulfilment of the contract of agency. It would be contrary to good morals and sound policy, because it would tend to sanction an unwarrantable concealment of facts essential to a contract, and operate as a fraud on parties who had a right to rely on the confidence reposed in their agents. *Exceptions overruled.*