BERTHA I. DIMON *vs.* DOMENICO ROMEO ET ALS.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

A verdict will not be disturbed if it is one which the jury could reasonably have reached upon the evidence before them.

A trading copartnership is in its essence a contract of agency. Each partner is a general agent of the firm, and the firm is the agent of each partner, with power to bind him to a personal liability in favor of partnership creditors.

In an action upon a contract against several defendants alleged to be partners, relevant declarations and admissions made by one of them who signed the agreement, may be received in evidence, at the discretion of the trial court, before the partnership is proved; subject, however, to elimination thereafter, as against the other defendants, unless such relation be established.

The trial court has the right, in the exercise of its discretion, to determine the order of proof, and unless this discretion be abused, it will not be revised on appeal.

The denial of a motion for a nonsuit is not a ground of appeal.

A motion to dismiss the case as against two of the defendants, because there was no prima facie evidence of the existence of the alleged partnership other than the declarations above referred to, is in effect merely a motion for a nonsuit as to such defendants; and its denial is not assignable as error.

Argued April 13th—decided June 15th, 1923.

ACTION to recover damages for a breach by the defendants of an alleged contract to purchase milk of the plaintiff, brought to the Superior Court in Fairfield County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff for $6,077, and appeal by the defendants. *No error.*

*Israel J. Cohn,* with whom was *Pasquale Vioni,* for the appellants (defendants).

*Henry E. Shannon* and *James C. Shannon,* for the appellee (plaintiff).

CURTIS, J. Upon the trial it was an admitted fact that on August 12th, 1919, a written contract was entered into and executed in the following terms, as a result of negotiations between the plaintiff and the defendant Domenico Romeo, who signed it as appears thereon.

" This Agreement Witnesseth,

" That The Romeo Farm by Dominick Romeo agrees to take the milk furnished by Bertha I. Dimon for a period of one year from date, the price to be the same paid by the Connecticut Milk Dealers Association and to call for the same each day and pay for the same each and every week. Bertha I. Dimon agrees to furnish not less than three hundred and fifty (350) quarts each day, beginning August 25, 1919.

" Romeo Farm—Domenick Romeo.
" Bertha I. Dimon.
Witness Ernest H. Reed."

The plaintiff alleged in her amended complaint that the defendants, Domenico Romeo and his two brothers, Pasquale and Salvatore, were copartners in business trading under the name of Romeo Farm, and that the written contract was between her and this partnership. The defendants denied in their pleadings that they were engaged as partners in the cheese-making business at Romeo Farm, or that Domenico was their agent in any way in conducting such an enterprise.

The finding sets forth that the plaintiff offered evidence tending to prove (1) that on and before August 12th, 1919, the plaintiff was the owner of a farm situated in the town of Shelton, and was engaged in producing milk for sale, said farm consisting of about three hundred acres, and that the plaintiff kept thereon forty-five cows for said purpose and was producing about four hundred quarts of milk per day; (2) that on said date the plaintiff and defendants entered into a written

agreement by which the defendants agreed to purchase milk from the plaintiff for a period of one year from August 25th, 1919, the plaintiff agreeing to furnish to the defendants not less than three hundred and fifty quarts of milk each day and the defendants agreeing to call for said milk each day and to pay for the same each and every week, the price to be the same paid by the Connecticut Milk Producers' Association; (3) that the defendants refused to carry out such contract, to the damage of the plaintiff in the amount of $6,077.75.

The defendants claimed to have proved that Pasquale and Salvatore Romeo were not, in August, 1919, or at any time, in any partnership relation with Domenico Romeo, and that he was never the agent of either or both in connection with any business.

The jury found the issues for the plaintiff, and therefore found that Domenico Romeo, in making the contract with the plaintiff, was acting for himself and his brothers doing business as partners under the name of Romeo Farm.

The defendants Pasquale and Salvatore Romeo moved that the verdict against them be set aside as not supported by the evidence relating to the existence of the partnership, and appealed from the action of the court in denying such motion; and all the evidence in the case has been made a part of the record in support of such ground of appeal. A careful examination of the evidence discloses that the jury could reasonably have found facts proven from which they could reasonably have reached the conclusion that prior to August 12th, 1919, the brothers, Pasquale, Salvatore and Domenico Romeo, had entered, as partners, into the business of cheese-making at Romeo Farm, and that the business was called Romeo Farm until subsequently they called it the Italian Cheese

Manufacturing Company; and that under the name of Romeo Farm they, through Domenico Romeo, entered into a written contract with the plaintiff in the terms above set forth, and breached the same and damaged the plaintiff to the extent claimed. The motion to set aside the verdict was therefore properly denied.

Upon the trial, before any evidence was produced by the plaintiff to establish the partnership relation, she offered evidence of statements made to her by Domenico Romeo during her negotiations with him leading up to the execution of the written contract, which tended to prove that there was a cheese-making business being started at Romeo Farm by the three Romeo brothers, and that the contract in question was made in behalf of this business. The defendants Pasquale and Salvatore Romeo objected to the admission of these statements or admissions of Domenico as affecting them. The plaintiff alleged in the complaint that Domenico was a partner with the other defendants in conducting a business, and claimed that his statements in reference to such business in the negotiations for the purchase of milk for that business would be admissible against him, and if the partnership relation between the three brothers was later established, also admissible against the other brothers, and requested the court to admit the statements subject to proof of the partnership before they were to be considered as admissible against Pasquale and Salvatore Romeo. The court ruled that the admissions were admissible against Domenico and not against his brothers, and stated that the other defendants would be given the right to move to strike out or for a nonsuit, and to have the jury instructed not to consider the statements of Domenico as evidence against the other two brothers unless the jury found

from evidence admissible against the brothers that Domenico as a partner was authorized to represent them. To this ruling as to the order of proof the defendants duly excepted.

It is necessary to bear in mind that the partnership alleged and claimed was a trading partnership. As to such a partnership, if proved, there is a relation of a "mutual and general agency" between the partners. 1 Rowley's Modern Law of Partnership, § 151.

We say in *Lapenta* v. *Lettieri*, 72 Conn. 377, 383, 44 Atl. 730: "A copartnership is in its essence a contract of agency. Each partner is a general agent of the firm, and the firm is the agent of each partner, with power to bind him to a personal liability in favor of partnership creditors." The rules of the law of agency, therefore, necessarily apply to a partnership in many particulars. The court had the right, in the exercise of its discretion, to determine the order of proof, and unless this discretion was abused it is not reviewable on appeal. The court in its ruling followed the procedure approved by us in *Builders Supply Co.* v. *Cox*, 68 Conn. 380, 381, 33 Atl. 797—where we say: "It is true, indeed, that it is not error to admit the declarations of an alleged agent before the agency is proved; provided always, that the only objection is as to the order of proof, a matter resting in the discretion of the trial judge; and provided also, that such testimony is received and treated as being of no importance" in relation to the principal, "unless the agency which authorizes the statement is proved."

The usefulness and practical necessity of this discretionary power of a court as to the order of proof in partnership cases, is well stated, as follows, in *Jennings* v. *Estes*, 16 Me. 323, 325: "The acts and declarations of a person, tending to prove that he is a partner with another, bind him, but do not affect

the other. When a partnership is to be proved by the acts and declarations of those who are alleged to be partners, it often becomes necessary to prove those of one person at a time. And if it were illegal to do so, it would preclude the proof of a partnership by proving the acts and declarations of each party to the contract. And yet such testimony might clearly prove a partnership by the acts and declarations of each member of it, while each is bound only by his own acts and declarations. The legal effect of the testimony when admitted, must necessarily be postponed until the judge instructs the jury upon the law of the whole case as presented for their decision. It would then be his duty to inform them that the acts and declarations of a party, before the partnership is proved, bind himself only."

In the instant case no exceptions are taken to the charge, and we must, of course, infer that the proper instructions were given.

Before submitting to the jury the determination of the question whether the partnership had been proved, so as to make the declarations of one partner in the conduct of the partnership business binding upon all, the ruling of the trial court denying the motion to dismiss at the close of the plaintiff's evidence discloses that the court found that there was prima facie evidence of the partnership, not based solely on the admissions of Domenico. The first and eighth assignments of error are not, therefore, well taken.

The reasons of appeal relating to the rulings upon the admission of evidence set forth in part three of the finding, rulings two, three, four, five, six and seven, present substantially the same questions of law as discussed above, that is, rulings as to the order of proof in relation to the written contract and admissions made by Domenico, which were relevant as

tending to prove that he was in a partnership with his brothers, but which were not revelant to affect the brothers unless the partnership was otherwise established, and hence assignments of error two, three, four, five, six and seven are not well taken.

The ninth assignment of error is, in effect, a motion to dismiss the case as to Pasquale and Salvatore Romeo because there was not prima facie evidence of the existence of the partnership apart from the declarations of Domenico Romeo, which were admitted subject to the establishment of the partnership, to make them admissible against Pasquale and Salvatore. The court, holding that there was such prima facie evidence, denied the motion. Such a ruling is not assignable error. It is in effect the denial of a motion for a nonsuit. *Dubuque* v. *Coman*, 64 Conn. 475, 481, 30 Atl. 777.

The tenth assignment of error is obviously untenable.

The eleventh assginment of error is the denial of the motion of two defendants that the court direct a verdict in their favor. Such action by a court is not assignable error. *Kiely* v. *Ragali*, 93 Conn. 454, 458, 106 Atl. 502.

There is no error.

In this opinion the other judges concurred.