FRANCIS H. CALLAHAN ET AL. *vs.* KARL C. JURSEK.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

A ruling on evidence cannot be made the subject of appeal unless an exception was taken by the appellant.

The refusal of the trial court to direct a verdict is not in this State assignable error.

In an action to recover damages for fraudulent representations, the plaintiff offered evidence that he was induced to contract with the defendant for the agency of an automobile stop-signal device by the latter's fraudulent representation that certain States compelled the use of the device by law. *Held* that such evidence was material, because the claimed representation, being one of fact, might well have been an inducement to the making of the contract as tending to indicate the value of the device.

The plaintiff testified that the defendant had called his attention to an advertisement in which it was stated that the use of the device was required by three States. *Held* that this was a sufficient identification of the advertisement to justify its admission in evidence.

The general rule that it is within the reasonable discretion of the presiding judge to require or to refuse to require the jury to answer pertinent interrogatories, as the proper administration of justice may require, is subject to the particular exception that where the

Callahan *v.* Jursek.

complaint contains two or more counts, or when two or more causes of action are presented in one count, the defendant has the right to save himself from the effects of the rule that a general verdict upon several causes of action imports a finding of all the issues for the plaintiff, by framing special interrogatories, reasonably few in number, each of which should be in such form as to present one complete cause of action, so that, when answered by the jury, that particular cause of action will be settled; and when such interrogatories are presented to the presiding judge, it is his duty to submit them to the jury; but if the interrogatories, as in the instant case, are in such form that answers thereto would not settle the several causes of action, it is within his discretion to submit or refuse to submit them to the jury.

The proper form of interrogatory stated in the opinion.

In the present case the written contract contained a provision that all representations not included in the contract were abrogated. *Held* that the court was right in refusing to charge that the fraudulent representations, if made, were included in and abrogated by this clause of the contract, for the reason that the action was not one upon the contract; and further, because public policy prevented the parties from contracting against the effect of fraudulent representations which induced the making of the contract.

Argued January 25th—decided March 1st, 1924.

ACTION for damages for fraudulent representations in the sale of a stop-signal device, brought to the Superior Court in New Haven County and tried to the jury before *Marvin, J.;* verdict and judgment for the plaintiffs for $1,700, and appeal by the defendant. *No error.*

*Thomas R. Robinson* and *Vincent P. Dooley*, for the appellant (defendant).

*David M. Reilly*, for the appellees (plaintiffs).

WHEELER, C. J. The plaintiff offered to prove that he entered into a contract of purchase for, and purchased of the defendant, the sole agency for the distribution of the Comer Auto Stop Signal device for the State of Connecticut, upon the representations set forth in the complaint and made to him by the defendant;

that these representations were false and fraudulent and were made for the purpose of inducing him to enter into this contract; that the plaintiff believed them to be true, and in reliance thereon entered into the contract and paid the defendant in consideration thereof $1,700, and that this device was at the time of the contract valueless.

Two rulings on evidence are made the subject of appeal. One of these representations was that certain States by law compelled the use of this stop-signal device. To the offer of proof of this the defendant objected, because immaterial and that whether or not such laws existed could not be made the basis of a misrepresentation, and also excepted to the ruling admitting this evidence. The ruling was correct. The existence of such laws would tend to indicate the value of this device and might well have been an inducement to the making of the contract. Such a representation is one of fact.

The defendant also excepted to the admission in evidence of an advertisement, on the ground that it had not been sufficiently identified. Counsel were in error as to the failure of identification. The plaintiff had already testified that the defendant called his attention to this advertisement. The advertisement tended to prove that three States required by law the use of this device. The evidence as to whether the defendant had sold his home some time after this contract, as tending to prove a fraudulent intent in the making of this contract, cannot be considered, since the defendant failed to take an exception to the ruling admitting this evidence.

The third error assigned, the overruling of the defendant's motion for a directed verdict, cannot be taken under our practice. "The failure of the trial court to direct a verdict is not in this State assignable error." *Kiely* v. *Ragali*, 93 Conn. 454, 458, 106 Atl. 502; *Dimon*

v. *Romeo*, 99 Conn. 197, 203, 121 Atl. 352; *Lines Co.* v. *Hartford City Gas Light Co.*, 89 Conn. 117, 93 Atl. 129.

The fourth assignment of error is the refusal of the court to submit to the jury written interrogatories claimed by the defendant. The brief of the defendant urges: "The purpose of the interrogatories was to protect the defendant against the implications of a general verdict." In *Freedman* v. *New York, N. H. & H. R. Co.*, 81 Conn. 601, 612, 71 Atl. 901, we say: "In the absence of any mandatory enactment, it is within the reasonable discretion of the presiding judge to require or to refuse to require the jury to answer pertinent interrogatories, as the proper administration of justice may require." That is still our general rule, but stated without reference to the rule we lay down in *Aaronson* v. *New Haven*, 94 Conn. 690, 697, 110 Atl. 872: "In such cases the defendant may protect itself from any possible injustice, when the complaint contains two or more counts, by asking for a separate verdict upon each count, or when two or more issues are presented in one count, by asking the court to propound special interrogatories to the jury." In applying this rule in *Wladyka* v. *Waterbury*, 98 Conn. 305, 313, 119 Atl. 149, we said: "A general verdict upon a complaint setting up two causes of action imports that the jury has found all the issues for the plaintiff, hence if one of these causes of action is supported by credible testimony the verdict must stand, although the other cause of action was not supported by credible testimony or authorized by law, since it cannot be known that the verdict was based upon the invalid cause of action." If the defendant is to be protected against the implications of a general verdict he must have the right to invoke the remedy in the classes of cases referred to in *Aaronson* v. *New Haven, supra*, by submitting to the jury special interrogatories. The submission of proper interrogatories

in cases "when the complaint contains two or more counts, . . . or when two or more issues are presented in one count," is a remedy not dependent for its exercise upon the discretion of the court. In this case each representation set forth in the interrogatories followed those of the complaint and all were contained in one count. If each representation was found to be false, made with intent to deceive and relied upon by the plaintiff to his damage, there were as many causes of action as there were representations, and the defendant was entitled to have the jury answer each special interrogatory, properly framed, as to each of these causes of action. The same rule would hold in actions based upon several grounds of negligence stated in a single count. The interrogatories should be as few in number as will reasonably present the defendant's claims. Special interrogatories concerning causes of action not reasonably proven, and those which split up the several causes of action into several interrogatories concerning the same cause, should not be presented to the jury by the court. The exercise by the trial court of a reasonable discretion would forbid this. The first ten of the interrogatories requested by the defendant to be submitted to the jury were clearly of this class. The other eight were also of this class. They purported to comprise the several representations contained in the complaint, and the inquiry as to whether the defendant made the representation to the plaintiff knowing it to be false. The following is a sample of these interrogatories: "Did or did not the defendant represent to the plaintiff knowing it to be false, that said device was a practical success?" Neither it nor any of the interrogatories, presented a complete cause of action. Until the interrogatory was thus framed the court was under no obligation to submit it to the jury. An answer to it would not have settled any of the causes of action. The interrog-

Callahan *v.* Jursek.

atory above would have been in proper form if it had read as follows: "Did the defendant falsely represent to the plaintiff with the intention of deceiving him, that the device was a practical success, and did the plaintiff rely upon this representation to his damage?"

The plaintiff offered evidence to prove that the defendant, well knowing that the representations made to the plaintiff at the time of the execution of the contract were false, executed thereafter a deed, on August 18th, 1920, of his real estate transferring the same to his wife, and held the deed until December 15th, 1920, when the plaintiff threatened trouble, and then, to avoid an attachment, placed the deed on record, and that this transfer was made with a guilty conscience of the fraud and to prevent the plaintiff from recovering his loss.

The court charged the jury concerning this transaction, that "if, however, the transfer was initiated on the seventeenth day of August because the defendant had a guilty conscience, that guilty conscience may be considered by you as some evidence of a guilty intent on his part." The charge is too indefinite upon this subject to have done any harm. It does not reach the point the court attempted to touch upon, and since the defendant made no request to charge upon this matter we are unable to ascertain whether the court committed error or not. The 10th article of the contract provided that "it is expressly understood and agreed that the foregoing memorandum expresses a complete and final understanding between the parties hereto, and that any and all operations, negotiations and representations not herein included are hereby abrogated, this agreement cannot be changed, modified or varied by any promise or representation except it be ratified in writing by the partners of this copartnership and attached to the contract." The charge as made and refused under this article covers errors six, twelve, thirteen and

Callahan *v.* Jursek.

fourteen. The court refused to charge that, "by the expressed terms of the contract in dispute all representations, negotiations and operations not therein included are abrogated and the plaintiff cannot recover for any such alleged misrepresentations not set forth in the contract," and, further, that if the plaintiff read and understood these the verdict should be for the defendant. The court was manifestly right in refusing these requests and in charging the jury that, "the obvious intent of that article was to preserve the contract, no matter what misrepresentation might have been made. . . . Here the plaintiffs are seeking to get their money back by saying that they were induced to part with it by fraud and misrepresentations. The contract was the thing they gave money for, but they are not suing under the contract; consequently the paragraph in this contract does not cover this subject." The construction the defendant contends for would be against public policy. Fraud cannot be contracted against. The authorities cited by the defendant are not in point, being cases of agency.

Errors seven, eight, nine and ten cover the charge as made on the subject of damages. Errors fifteen, sixteen and seventeen cover refusals to charge on this subject.

The charge sufficiently accords with our rule so as to be unobjectionable. *Gustafson* v. *Rustemeyer*, 70 Conn. 125, 137, 39 Atl. 104.

Error nineteen is the refusal to charge that certain of these representations were matters of opinion. There is no merit to the claim. *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 17, 40 Atl. 1046. Other assignments of error were either not pressed or furnish no reasonable ground of appeal.

There is no error.

In this opinion the other judges concurred.