MICHAEL PENTINO *vs.* JOSEPH GALLO ET AL.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, BANKS and FOSTER, Js.

A request for the submission of interrogatories to the jury is addressed to the discretion of the trial judge except when they are necessary to protect the party making the request from the implications of a general verdict, in which event it is the duty of the trial judge to submit them.

Pentino *v.* Gallo.

The rule which forbids a recovery of a commission by a real-estate
broker who acts for both parties to a transaction does not apply
if, as in the present case, the double agency is known to the
principals and assented to by them; and, therefore, the action
of the trial judge in expressing to the jury his disapproval of
the dual capacity in which the plaintiff had acted and in reading
to them the opinion of this court in *Twiss* v. *Herbst*, 95 Conn.
273, wherein such a practice, when not accompanied by a complete
disclosure to all the parties involved, was strongly condemned
upon legal and ethical grounds, was prejudicial to the plaintiff
and entitled him to a new trial.

Argued October 27th, 1927—decided January 27th, 1928.

ACTION to recover a commission alleged to have been
earned by the plaintiff in the sale of the defendants'
real estate, brought to the Superior Court in New
Haven County and tried to the jury before *Nickerson,
J.;* verdict and judgment for the defendants, and ap-
peal by the plaintiff. *Error and new trial ordered.*

*Frank P. McEvoy,* for the appellant (plaintiff).

*Charles W. Bauby,* for the appellees (defendants).

HAINES, J. The complaint contains two counts
based upon the same transaction, the first for an agreed
commission of five per cent upon the value of the
defendants' farm, amounting to $1,750, and the second
for the reasonable value of the plaintiff's services, also
placed at $1,750.

Upon the conclusion of the evidence, the plaintiff
prepared five interrogatories and requested that they
be submitted to the jury, but the court did not do so.
These and the action of the court thereon are made a
part of the finding by request of the plaintiff. Interro-
gatories may be resorted to, to protect the party mak-
ing them from the implications of a general verdict.
When there are two or more causes of action before
the jury in the same suit, either in separate counts or

in one count, a general verdict indicates that the jury found all the issues for the prevailing party in each cause of action, and the interrogatories enable the party to determine whether this is so in fact. In such situations, we have held that it is the duty of the trial court upon request to submit such interrogatories as would accomplish this purpose. Other interrogatories are at the discretion of the trial court. *Ford* v. *Dubiskie & Co., Inc.*, 105 Conn. 572, 136 Atl. 560; *Callahan* v. *Jursek*, 100 Conn. 490, 124 Atl. 31; *Aaronson* v. *New Haven*, 94 Conn. 690, 110 Atl. 872; *Brown* v. *Wright*, 100 Conn. 193, 123 Atl. 7. The interrogatories here in question are of the latter class and the submission of them was within the discretion of the court. The assignments of error on this phase of the case cannot be sustained.

The defendants offered evidence to prove and claimed to have proven, that they owned a farm near Waterbury, while one Rosengarten owned a piece of property in that city; that the plaintiff was acting as agent for Rosengarten before any connection was made with the defendants; that thereafter and throughout the negotiations with the defendants he continued to act in that capacity; that the plaintiff first spoke to the defendants after he had seen them in conversation with one Torkomian about the exchange of their farm for other property, when the plaintiff said to them, "Don't have anything to do with Torkomian, I will show you some property that I have for sale and which I will trade for your farm"; that plaintiff and Rosengarten came to the farm of the defendants to inspect it, and discussed with the defendants the terms of a possible exchange of the properties; that the defendants offered to make an even exchange of the equities of the two properties, but refused to pay Rosengarten anything, while Rosengarten wanted

Pentino *v.* Gallo.

$5,000 and an auto truck which the defendants owned; that plaintiff then suggested to the defendants in the Italian language, which Rosengarten did not understand, that if defendants would meet him and Rosengarten at an attorney's office that evening, he, the plaintiff, would persuade Rosengarten to come to the defendants' terms and make an even exchange of the equities; that they went to the office and met the plaintiff and Rosengarten, and a written agreement was drawn up which they later discovered required them to pay Rosengarten $3,000 and turn in the truck as part of the exchange of the properties, whereupon they refused to have anything more to do with the matter.

The plaintiff offered evidence to prove and claimed to have proven, that throughout the transaction he was acting as agent for both Rosengarten and the defendants; that it was the practice of real-estate agents in Waterbury to represent both parties in an exchange or sale of farm properties for city properties, and receive a commission from each party; that an oral agreement was reached by Rosengarten and the defendants for an exchange of properties, and that its terms were the same as the writing thereafter prepared at the attorney's office, but that the defendants refused to carry out the agreement, though Rosengarten was ready, able and willing to do so.

One of the chief contentions made by the plaintiff on this appeal is that an unwarranted influence and prejudice against the plaintiff and his claim were caused by the remarks of the court during the trial and in the charge.

The plaintiff had testified that he was acting as agent for both parties in procuring their agreement for an exchange of properties, and he offered as a witness one Hutchinson, a real-estate agent of Waterbury, who testified that it was the custom of real-estate agents in

that locality to act in such dual capacity. This witness was examined by the court, and the statements made on that examination are the basis of the first reason of appeal. The court denied the motion of the plaintiff that a transcript of what occurred be made a part of the finding. This refusal is the basis of the thirteenth reason of appeal. It is clearly necessary to have this transcript before us in order to consider the first reason of appeal and we accordingly add it to the finding. From this it appears that the court asked the witness if he considered it a "proper practice" to represent both parties and remarked: "The point is, your conduct as a man in representing two people. I should say opposed to each other. Where they are making an exchange of the properties and one wants to do the best he can out of the other."

The charge to the jury upon this dual service is made the basis of the fifth reason of appeal. In it the court read to the jury the stenographer's transcript of the plaintiff's statement that he had so acted and then called their attention to a second statement the plaintiff had made to the same effect; and asked how the plaintiff could act for the defendants if already representing the other party. "What was he to do? Substantially the same thing. . . . You will also consider whether the plaintiff is now seeking to recover from the defendants a fee for doing that which he had been employed to do by Rosengarten. In view of the testimony that the plaintiff was employed by Rosengarten, and the evidence of the witness—I think Hutchinson was his name—called by the plaintiff, as to reasonable compensation, even if the plaintiff had been employed by both parties. I will read to you what our Supreme Court has said about such conduct by a real-estate broker." This was followed by the reading of an ex-

tract from the opinion in *Twiss* v. *Herbst,* 95 Conn. 273, 111 Atl. 201.

The principle which the opinion defined is a sound and well-established one, accepted in this and other States and by textwriters generally. *Summa* v. *Dereskiawicz,* 82 Conn. 547, 74 Atl. 906; *Quinn* v. *Burton,* 195 Mass. 277, 81 N. E. 257; *Rice* v. *Wood,* 113 Mass. 133; *Farnsworth* v. *Hemmer,* 83 Mass. (1 Allen) 494; *Carman* v. *Beach,* 63 N. Y. 97; *Rowe* v. *Stevens,* 53 N. Y. 621; *Bell* v. *McConnell,* 37 Ohio St. 396; *McLure* v. *Luke,* 154 Fed. 647; 2 Mechem on Agency (2d Ed.) § 2412; 2 Clark & Skyles on Agency, § 765; 21 R. C. L., p. 827, § 11; 2 Corpus Juris, p. 712, § 367.

But that rule only applies where the plaintiff attempts to act for both parties without the knowledge and assent of both. No objection can be made to such dual service if all parties understand and agree to it.

While this qualification appears in that portion of the opinion quoted, it might well be that, under the circumstances, the jury would not note that fact from a mere reading, more especially as the court was quoting it to support the statements it had previously made to them. From these statements it is made clear that the court thought the conduct of the plaintiff in seeking to act for both the parties was reprehensible and condemned by the court. A proper and adequate application of the law to the facts of this case was required, and the explanation should have been made that the plaintiff's conduct was to be condemned and recovery denied only if they found the plaintiff had acted in the dual role without the knowledge and assent of the parties, but if they found that this assent was given, then the plaintiff was not barred of recovery. Moreover, the record does not show any evidence before the jury that the defendants were ignorant of the plaintiff's employment by Rosengarten. The de-

fendants' own claims as to facts proven show they did know and that the plaintiff told them when he first met them that he had this other property for sale, and that he brought Rosengarten to see them and inspect their farm, and that he told them he would persuade Rosengarten to come to their terms.  If the defendants thereafter employed him, it was with the knowledge that he was acting for Rosengarten.

We cannot escape the conviction that the rights of the plaintiff were prejudiced by the statements we have discussed and a consideration of other assignments of error is unnecessary.

There is error and a new trial is ordered.

In this opinion the other judges concurred.