ELSIE SHEELER *v*. CITY OF WATERBURY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 6—decided July 10, 1951

*George J. Crocicchia,* corporation counsel, and *Philip N. Bernstein,* assistant corporation counsel, with whom, on the brief, was *Thomas F. Minuto,* for the appellant (defendant).

*Raymond J. Quinn, Jr.,* with whom was *James J. Shea,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff sued to recover damages for personal injuries suffered by a fall upon a sidewalk in the defendant city. She relied on two causes of action. The jury returned a general verdict for the plaintiff. The defendant's appeal is from the denial of its motion to set the verdict aside and from the judgment. It is necessary to consider only the latter phase of the appeal.

The plaintiff claimed to have proved the following facts: Savings Street is a public highway in the city of Waterbury. In the vicinity of the Armory building, so-called, the southerly sidewalk, at the time in question, had a westerly downgrade of 13.6 per cent. Prior to 1940 the Armory building had been used as a garage. Automobiles entered it over a ramp rising from the street level. The ramp had been so constructed as to cause a cross pitch in the sidewalk far greater than approved engineering standards permitted. It created a structural defect for pedestrians. The defendant had actual notice of its existence. The plaintiff made no claim that the defendant had built the ramp.

On the evening of November 27, 1949, the plaintiff was walking westerly on the sidewalk. She was wearing low-heeled shoes and rubbers. During the morning two inches of snow had fallen and the structural defect had become more dangerous by reason of snow and ice still upon it. While proceeding over the section of the walk where the ramp was located, she slipped and, in falling, sustained various injuries. The defendant's claims of proof need not be recited.

The complaint was in two counts. The first alleged that the plaintiff's injuries were caused by the defective structural condition of the sidewalk, made more dangerous by an accumulation of snow and ice thereon. This cause of action was based upon the provisions of the defendant's charter. 21 Spec. Laws 634, § 249;

*Krooner* v. *Waterbury,* 105 Conn. 476, 480, 136 A. 93. The second count alleged that the condition of the sidewalk amounted to a nuisance which proximately caused the plaintiff's injuries.

The defendant requested the court to submit four interrogatories to the jury. Two were addressed to the first count, and two to the second. The obvious purpose of the defendant was to avoid the implication of a general verdict. Our rule is that, where a complaint is divided into counts and a general verdict is returned, it will be presumed, if the charge and all rulings are correct on any count, that damages were assessed as to that count, and the verdict will be sustained. *Ziman* v. *Whitley,* 110 Conn. 108, 112, 147 A. 370; see *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A. 2d 187. The preferable method for a defendant to follow as a protection against such an implication is to request the court to obtain a separate verdict on each count. *Aaronson* v. *New Haven,* 94 Conn. 690, 697, 110 A. 872. We have, however, approved the use of interrogatories. *Ross* v. *Koenig,* 129 Conn. 403, 405, 28 A. 2d 875; *Ford* v. *Dubiske & Co.,* 105 Conn. 572, 582, 136 A. 560. The defendant chose this latter method. While the interrogatories were not couched in language best adapted to the end for which they were intended, they did put the court on notice of the defendant's desire to have the jury reveal the basis of any liability which they might find. The court submitted an interrogatory in the following form: "Do you find that the condition complained of was a nuisance?" The jury answered in the affirmative. For reasons which will appear, this did not adequately protect the defendant.

The submission of interrogatories ordinarily rests within the court's discretion. *O'Donnell* v. *Groton,* 108 Conn. 622, 627, 144 A. 468. This rule is subject to the exception that where the complaint contains two or

more counts, or when two or more causes of action are incorporated in one count, the defendant has the right to save himself from the implication of a general verdict by seeking from the jury answers to apt and proper interrogatories. *Callahan* v. *Jursek,* 100 Conn. 490, 493, 124 A. 31. In such a situation, it is the duty of the court to grant the defendant's request. *Decker* v. *Roberts,* 125 Conn. 150, 157, 3 A. 2d 855; *Pentino* v. *Gallo,* 107 Conn. 242, 243, 140 A. 105. Its failure to do so in the case at bar was erroneous.

Under the court's instructions, it was possible for the jury to find for the plaintiff on either count. It was further possible for them to decide for the defendant on the first count on the ground that, although the sidewalk was defective, the plaintiff was guilty of contributory negligence. On the other hand, the jury could have found for the plaintiff, under the second count, even in the face of such negligence, if they concluded that the nuisance, if existing, was absolute. Contributory negligence will not defeat liability based on an absolute nuisance. *Beckwith* v. *Stratford,* 129 Conn. 506, 511, 29 A. 2d 775.

If the court's charge on both counts was correct, its refusal to submit the defendant's interrogatories would have been harmless. Such, however, was not the case. The defendant had filed a request to charge that liability could be imposed under the second count only in the event that, if the condition on the sidewalk amounted to a nuisance, it had been created by some positive act of the defendant. It further called the court's attention to the absence in the evidence of any positive act by the defendant which created the condition complained of. The request to charge incorporated a correct statement of the law and the jury should have been so instructed. *Karnasiewicz* v. *New Britain,* 131 Conn. 691, 693, 42 A. 2d 32; *Bacon* v. *Rocky Hill,*

126 Conn. 402, 407, 11 A. 2d 399; *Hoffman* v. *Bristol,* 113 Conn. 386, 389, 155 A. 499. The court charged, however, that liability might be established if the nuisance arose out of negligence and indicated that the mere presence of snow and ice might constitute an actionable nuisance. In these respects, the charge was erroneous. The plaintiff attempts to support the charge on the basis of *Morse* v. *Fair Haven East,* 48 Conn. 220. In that case (p. 223) the court stated, by way of dictum, that "An intentional continuance of a nuisance is equivalent to the creation of one." In so far as this statement is applicable to a municipality which main· tains a nuisance not of its own creation, it has long since been discarded as unsound. See *Karnasiewicz* v. *New Britain, Bacon* v. *Rocky Hill,* and *Hoffman* v. *Bristol,* supra. It follows that if the verdict was returned on the basis of the second count the defendant has been harmfully prejudiced.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.