[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE BY DEFENDANT TOWN OF GRANBY
The defendant, Town of Granby, has moved to strike the Second, Third and Eighteenth Counts of the Complaint on the ground that they fail to state legally sufficient claims. Allegations of the Complaint and ProceduralHistory.
The plaintiffs own various parcels of land in Granby, Connecticut. Each of them own property abutting a road named Old Messenger Road, the status of which is the focus of this lawsuit. With the exception of the undersigned defendant, the Town of Granby (the "Town" or "Granby"), the remaining defendants own property abutting, adjacent to, or including Old Messenger Road, Morningside Drive, Hartland Road and Mountain Road. The present litigation has survived numerous revisions to the pleadings and finds its way before the Court in the form of a Second Revised Complaint (the "Complaint"), dated December 17, 2001. The Second Revised Complaint contains 18 counts directed to the defendants, four of which are directed to Granby.
The Complaint alleges that prior to November 25, 1899, Old Messenger Road was a public road in the town of Granby. On that date, the Town convened a town meeting to consider the discontinuance of Old Messenger Road between Parmalees and the North Granby Road near the Old Elizer Rice Place. According to the Complaint, the Town voted to discontinue Old Messenger Road as described. No further vote was conducted by the Town Selectman to discontinue Old Messenger Road.
The Complaint further alleges that the Town failed to discontinue Old Messenger Road in accordance with Connecticut General Statutes §13a-49, that the description of the discontinuance did not sufficiently describe the points of terminus and that discontinuance only pertained to that portion of Old Messenger Road north of Parmalees northern boundary to the southerly side of the driveway of the Rice homestead and certain CT Page 15614 portions of Old Messenger Road have remained a public road. The plaintiffs allege that they and their predecessors in title have continuously used Old Messenger Road for purposes of passing to and from their properties.
The plaintiffs allege that the Town graded the length of Old Messenger Road from Hartland Road past the plaintiffs' land, that the road consisted of a graveled level surface approximately two rods wide which cuts through the knolls and contours of the land and is referred as such in the Granby Land Records. They further allege that the Town has imposed real estate taxes on their land as road front property bounding on Old Messenger Road and that the only means of accessing the property is by Old Messenger Road. Prior to June 19, 1999, the plaintiffs allege, their access to their properties had never been blocked, barricaded or obstructed and that they had unencumbered use of Old Messenger Road to access their properties.
In the First Count of the Complaint, the plaintiffs seek a declaratory judgment determining that Old Messenger Road is a public road. In the Second Count, the plaintiffs allege that defendants Royer, their agents, servants, tenants or employees, on or about June of 1999, erected a barricade consisting of felled trees, logs, stumps and debris across the portion of Old Messenger Road preventing the plaintiffs from gaining access to their properties, that the "plaintiff' brought this to the attention of the Town, yet the Town failed and neglected to remove the barricade from the roadway, and that, notwithstanding that failure, the plaintiff dismantled the structure to gain access to his property.
The Complaint further alleges that on July 2, 1999, the "plaintiff," was again confronted by a new barricade of felled trees, logs, stumps and debris on Old Messenger Road. The plaintiffs maintain that the Town was obligated to remove the obstruction pursuant to Conn. Gen. Stat. § 19a 335.[1] The plaintiffs also maintain that the Town has restricted them from subdividing their land because of their claim that Old Messenger Road was not a public road. The plaintiffs further maintain that they and their predecessors have been taxed as though their land abutted a public road, that the tax has been allocated and used for the maintenance of other roads except Old Messenger Road and that the Town has failed to use any tax money to maintain Old Messenger Road. This, according to the Complaint, violated the plaintiffs' rights to "equal protection and privileges from the community under the First Section of the First Article of the Connecticut Constitution due to the Town's failure to treat Old Messenger Road as a public road." As a result of the alleged violations of their constitutional rights, the plaintiffs claim monetary damages for their alleged loss of value of their land, loss of access to their property, loss of enjoyment in use of their property and CT Page 15615 pain, suffering and emotional distress "over taxation." The plaintiffs also allege that they have been unfairly taxed because the Town has failed to improve, maintain and repair Old Messenger Road.
In the Third Count of the Complaint, the plaintiffs advance a nuisance claim against the Town. In addition to incorporating the allegations set forth in the Second Count, the plaintiffs also allege that the Town's notification that Old Messenger Road was not a public road prevented access to or use of the plaintiffs' land. Moreover, the plaintiffs allege, the Town allowed the state of Connecticut and abutting landowners to "obstruct, endanger, dig up, encroach, block, redirect, reconfigure, lapse into disrepair and deteriorate the road bed and public road, Old Messenger Road, causing the road to be impassable in areas." The plaintiffs maintain that the Town created a public nuisance by "failing to use the requisite care necessary to maintain Old Messenger Road in a passable condition as a public road." The plaintiffs seek similar damages in this claim.
The remaining claim directed to the Town is found in the Eighteenth Count in which the plaintiffs allege that the Town violated the plaintiffs' constitutional rights to equal protection under Article XXI of the amendments to the Connecticut Constitution due to the Town's alleged failure to treat Old Messenger Road as a public road. The Complaint advances similar allegations of damages sustained by the plaintiffs as those set forth in the Second and Third Counts of the complaint.
Discussion of the Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 10-39; Ferryrman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990); Blancato v. Feldspar Corp.,203 Conn. 34, 36, 522 A.2d 1235 (1987).
The court should view the facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Dennison v. Klotz,12 Conn. App. 570, 577, 532 A.2d 1311 (1987). In ruling on a motion to strike, the court must take as admitted all well-pled facts, and those necessarily implied thereby, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986). CT Page 15616
"It is incumbent on a Plaintiff to allege some recognizable cause of action" in the complaint and it is not the burden of the defendant to attempt to correct the deficiency. Brill v. Ulrey, 159 Conn. 371, 374,269 A.2d 262 (1970). A motion to strike is an appropriate means of presenting to the court legal issues at the outset of litigation. Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). "Whenever a party wishes to contest . . . the legal sufficiency of any such complaint . . . or any count thereof, because of the absence of any necessary party . . . that party may do so by filing a motion to strike the contested pleadings or part thereof." George v. St. Ann'sChurch, 182 Conn. 322, 325, 438 A.2d 97 (1980).
Section One of Article First of our state constitution is titled "Equality of Rights" and provides:
 All men when they form a social compact are equal in rights; and no man or set of men are entitled to exclusive public emoluments or privileges from the community.
Our Supreme Court has explained that this constitutional provision "prohibits the adoption of legislation that has no public purpose but operates to confer private gain on an individual or group." Beccia v.Waterbury, 192 Conn. 127, 134, 470 A.2d 1202 (1984); see also Chotowskiv. State, 240 Conn. 246, 257, 690 A.2d 368 (1997) (to prevail under § I claim the challenging party must demonstrate that "the sole objective of the General Assembly is to grant personal gain or advantage to an individual."); Merly v. State, 211 Conn. 199, 212, 558 A.2d 977
(1989) (Section 1 of Article First applies to "legislation as preferring certain individuals over others when wholly unrelated to the public interest.").
In this action, there is no claim challenging the adoption or enactment of any law by the General Assembly. It is difficult to discern how the plaintiffs' claim that the Town failed to treat Old Messenger Road as a public road, or that it failed to remove an obstruction created by a third party, or that it improperly taxed the plaintiffs, could fit within the rubric of Article First, § I. While § 1 may be titled "Equality of Rights," its intended purpose does not provide a basis for a claim by the plaintiffs in this action. Thus, it appears that the plaintiffs' reliance on Section I of Article First is misplaced.
The plaintiffs argue that Section I of Article First has been construed to be the equivalent of the Equal Protection Clause of theFourteenth
Amendment to the United States Constitution. The decisions relied upon by CT Page 15617 the plaintiffs, however, support the Town's argument that Section I limits only the authority of the General Assembly in enacting legislation which has no public purpose but operates to grant personal gain to an individual. Chotowski v. State, supra. Each of the cases cited by the plaintiffs involves a challenge to a state statute. See e.g., Zapata v.Burns, 207 Conn. 496, 504-505, 542 A.2d 700 (1988) (challenge to the constitutionality of General Statute 52-584 (a) which limited the time in which the claim could be brought against certain engineers); AquaTreatment and Service, Inc. v. Department of Public Utility Control,44 Conn. Sup. 34 (1995) (challenge to Public Act 93-245 exempting municipalities from the requirement to transfer water supplies to private water company); Commissioner of Public Works v. City of Middletown,53 Conn. App. 438, 731 A.2d 749, cert. denied, 250 Conn. 923 (1999) (challenge to Connecticut General Statute § 4b-46 exempting from municipal property taxation property subject to long term financing agreement entered into by the Commissioner of Public Works). The only other case relied on by the plaintiffs, Daily v. New Britain MachineCo., 200 Conn. 562, 577, 512 A.2d 893 (1986), does not involve a claim under Article First Section 1, but a challenge to a state statute under § 20 of Article First and the Fourteenth Amendment of the federal constitution.
Not only is there no authority to support the plaintiffs' argument that Article First, Section 1 can apply where the plaintiff does not claim improper legislative action, no appellate court or trial court in this state has recognized a cause of action for monetary damages under this provision of the state constitution. In Binette v. Sabo, 244 Conn. 23,710 A.2d 688 (1998) the Court recognized a private cause of action for violations of article first, §§ 7 and 9, of the Connecticut constitution under certain limited circumstances. In Binette the plaintiffs alleged that members of the Torrington Police Department entered their home without a warrant and brutally assaulted one of the plaintiffs. The Court expressly declined to create an all-encompassing damages action for any and all alleged violations of state constitutional provisions, but, instead, held that whether such a cause of action should be recognized would be determined on a case-by-case basis. Binette v.Sabo, supra, at 48.
 [A]s a general matter, we should not construe our state constitution to provide a basis for the recognition of a private damages action for injuries for which the legislature has provided a reasonably adequate statutory remedy. This conclusion accords with the constitutional principle of separation of powers and its requirement for judicial deference to CT Page 15618 legislative resolution of conflicting considerations of public policy.
 Kelley Property Development, Inc. v. Town of Lebanon, 226 Conn. 314,339, 627 A.2d 909 (1993).
In Kelley Property, the Supreme Court declined to recognize a cause of action under § 8 of Article First based upon an allegation that the plaintiffs due process rights were violated when the Town of Lebanon denied the plaintiff subdivision approval for the development of its property. In so ruling, the Court noted that the legislature had provided the plaintiff "an avenue for administrative relief from the wrongful and allegedly unconstitutional conduct of the defendants pursuant to General Statute § 8-8." Id. at 340.
More recently, the Connecticut Supreme Court reaffirmed its reluctance to create a private cause of action when there is a reasonably adequate statutory remedy. The determination of whether or not a cause of action should be recognized must be determined on a "case-by-case basis." ATCPartnership v. Town of Windham, 251 Conn. 597, 613, 741 A.2d 305 (1999). In ATC Partnership, the Court again rejected § 8 of Article First as a source for constitutional relief when the defendant town improperly condemned the plaintiffs property. The Court explained that adequate remedies afforded the plaintiff under constitutional and statutoiy law of condemnation, constitutional law of search and seizure and common law of replevin and conversion obviated the need for a separate claim under Article First, § 8. Id. at 616.
There is no justification for recognizing a private claim for monetary damages under the facts alleged in the present case. In fact, inBinette, the Court reasoned:
 [w]hether to recognize a cause of action for alleged violations of other state constitutional provisions in the future must be determined on a case-by-case basis. that determination will be based on a multi-factor analysis. The factors to be considered include: the nature of the constitutional provisions at issue; the nature of the purported unconstitutional conduct; the nature of the harm; separation of powers; considerations and the other factors articulated in Bivens [v. Six Unknown Named Agents of Federal Bureau of Narcotics, 404 U.S. 388, 91 S.Ct. 1999 (1971)] and its progeny; the concerns expressed in Kelley Property Development, Inc. [v.CT Page 15619 Lebanon, 226 Conn. 314 (1993)] and any other pertinent factors brought to light by future litigation.
 244 Conn. 23, 48 (1998). For the reasons set forth herein, the various allegations advanced by the plaintiffs in the present action do not warrant the recognition of a cause of action under § 1.
First, the alleged constitutional conduct and resulting harm can be adequately redressed through legislative remedies. The plaintiffs claim that they have been denied the ability to subdivide their property because of the Town's failure to recognize Old Messenger Road as a public road is unsupported by any factual allegations. The Complaint fails to allege that the plaintiffs sought and/or were denied subdivision approval, or any other permit or license necessary to develop their land. Had they sought such an approval, there are adequate statutory remedies available in General Statute § 8-8.
It was the statutory remedies available under § 8-8 that persuaded the Supreme Court in Kelley Property to conclude that no cause of action exists under § 8 of Article. First for a denial of subdivision approval. The fact that these plaintiffs have invoked § 1, rather than § 8, does not warrant a result different from Kelley Property. On the contrary, § 8-8 affords the plaintiffs an adequate statutory remedy, just as it did to the plaintiffs in ATC Partnership and Kelley Property.
Second, the plaintiffs' claim of being improperly taxed can, if true, be redressed through General Statutes §§ 12-111 and 12-117a, which provide a statutory mechanism by which a property owner can contest the assessment of taxes on his property.
Third, the separation of powers prevents the trial court from creating another private cause of action under the state constitution, particularly where the legislature has provided remedies which the plaintiffs have failed to use. When the legislature has enacted specific statutory schemes to provide relief to landowners and taxpayers who challenge government action limiting land use or imposing taxes, our courts should resist invitations to legislate and create new causes of action. See Peters v. Greenwich, 2001 Conn. Super. Lexis 21, (January 2, 2001, D'Andrea, J.) The determination of whether § 1 provides a private cause of action is best left to the Connecticut Supreme Court.
For the reasons set forth above the Motion to Strike the claims against the Town of Granby alleged in the Second Count is granted CT Page 15620
In the Third Count, the plaintiffs re-allege the claims set forth in the Second Count, but characterize their claim one of public nuisance against the Town. The plaintiffs specifically allege that the Town improperly notified the public of the discontinuance of Old Messenger Road and allowed the state of Connecticut and abutting landowners to "obstruct, endanger, dig up, encroach, block, redirect, reconfigure, lapse into disrepair and deteriorate the road bed and public road." The plaintiffs further allege that the Town created a public nuisance by its acts and/or omissions for failing to use the requisite care to maintain Old Messenger Road in a passable condition as a public road.
The Connecticut Supreme Court has defined a nuisance claim as follows:
 A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiffs injuries and damages.
Elliott v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998), quotingState v. Tippetts-Abbett McCarthy-Stratton, 204 Conn. 177, 183,527 A.2d 688 (1987). In addition to proving the four core elements, a public nuisance requires proof that the alleged nuisance interferes "with a right common to the general public." Id. at 421. Finally, the plaintiffs must prove that the Town intentionally created the conditions alleged to constitute the nuisance. Keeney v. Old Saybrook, 237 Conn. 135,165-66, 676 A.2d 795 (1996); Wright v. Brown, 167 Conn. 464, 470,356 A.2d 176 (1975).
The Complaint avers that the state of Connecticut and abutting landowners created some type of obstruction or encroachment of Old Messenger Road causing it to be impassable in areas and that the Town failed to maintain the road in a passable condition. It further alleges that the defendant Royer, on or about June and July 1999, created some type of obstruction to the roadway that was subsequently removed by the plaintiff. The plaintiffs do not allege that obstruction has inflicted an injury upon them or their property, rather the thrust of their claim is that this obstruction denied them access to their property, albeit temporarily. A nuisance, however, "describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786 (1990). "A nuisance refers to the condition that exists and not to the act or CT Page 15621 failure to act that creates it." Here, the facts as alleged do not describe an inherently dangerous condition with a natural tendency to inflict injury upon person or property. Rather, the plaintiffs merely claim that the actions of Royer obstructed a route of travel to his property. Even if true, nothing alleged by the plaintiffs demonstrate an injury to their person, or property or an inherently dangerous condition.
The Complaint similarly fails to satisfy the second element of a common-law public nuisance. Again, the plaintiffs do not allege that the obstruction in and of itself constituted a continuing dangerous condition, only that it prevented them from accessing their property via Old Messenger Road.
The plaintiffs' nuisance claim fails for the additional reason that it fails to allege facts to support a claim that the alleged condition was "created by the positive act" of the Town. Wright, supra, at 470. The plaintiffs specifically allege that it was Royer (or the State of Connecticut) who created the obstruction. The condition described by the plaintiffs as a nuisance is the obstruction allegedly created by third parties, and not by the positive act of the Town.
 We have long held that "[l]iability can be imposed on the municipality only in the event that, if the condition constitute[s] a nuisance, it was created by some positive act of the municipality." Brennan v. West Haven, 151 Conn. 689, 692, 202 A.2d 134
(1964); Sarr v. Commissioner of Environmental Protection, supra, 226 Conn. 388; Lukas v. New Haven, 184 Conn. 205, 209, 439 A.2d 949 (1981); Wright v. Brown, 167 Conn. 464, 470, 356 A.2d 176
(1975). Indeed, we have stated that "failure to remedy a condition not of the municipality's own making is not the equivalent of the required positive act in imposing liability in nuisance upon a municipality." Lukas v. New Haven, supra, 209-10; Brennan v. West Haven, supra, 693; see Sheeler v. Waterbury, 138 Conn. 111, 115, 82 A.2d 359 (1951).
Keeney v. Old Saybrook, supra, at 164.
Finally, the alleged nuisance does not interfere with the right common to the general public. See Elliot v. Waterbury, supra, at 421. The plaintiffs are claiming that only their access to their property has been denied, which is unique to them as property owners abutting Old Messenger CT Page 15622 Road.
For the foregoing reasons, the Motion to Strike Count Three of the Complaint is granted.
In the Eighteenth Count of the Complaint, the plaintiffs advance their final claim against the
Town of Granby alleging that their rights to equal protection and privileges under Article XXI of the Amendments to the State Constitution were violated. Article XXI provides:
 No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin, sex or physical or mental disability.
The plaintiffs allege that they were unfairly taxed and that their tax dollars were misused by the Town's failure to improve, maintain and repair Old Messenger Road. The plaintiffs advance no additional allegations other than those set forth in the Second Count of the Complaint. The plaintiffs' claims under Article XXI suffer from the same deficiencies as their claims under § 1 of Article First. Regardless of which constitutional provision the plaintiffs invoke, the substance of their claims regarding taxation and use of their property can be adequately redressed through the statutory schemes established by our legislature, as already described above. See e.g., Ward v. HousatonicArea Regional Transit District, 154 F. Sup.2d 339, 356 (D. Conn. 2001) (no private cause of action under the equal protection provision of the state constitution).
Even if there was some authority that Article XXI created a private cause of action for damages, the plaintiffs' allegations would be insufficient to state such a cause of action. The Complaint advances no allegations regarding discriminatory treatment based upon religion, race, color, ancestry, national origin, sex or physical or mental disability, a necessary component of any potential claim under Article XXI. Rather, to the extent that the plaintiffs' claims are credited, they are premised on the location of their property. By its very terms, Article XXI does not apply to the facts alleged by these plaintiffs. Therefor, the Eighteenth Count is ordered stricken. CT Page 15623
By the court,
Aurigemma, J.